JUDGE GOFER
delivered the opinion oe the court.
We do not find any evidence in the transcript before us that an answer to the petition was ever filed, and none is copied into the record. We must therefore assume that no *154 answer was filed either in the quarterly or common pleas court.
The plaintiff sued for the value of two twenty-dollar gold coins which he alleged were worth $45, and for $8.32 interest thereon, making the sum of $53.32 claimed, and for which he asked judgment.
Where the matter in controversy does not exceed $50 the pleadings may be oral and without verification. (Section 827, Civil Code.) If the matter in-controversy exceeds $50 the pleadings must be in writing. As no objection was taken in the courts below for want of an answer, and counsel have passed the subject in silence in this court, we presume both the quarterly and common pleas court and counsel on each side have regarded the case as one in which the pleadings might be oral. This view can be sustained, if at all, only on the idea that the interest claimed is not to be estimated in determining the amount in controversy. If this view be adopted then this court has no jurisdiction.
Section 2, article 22, chapter 28, General Statutes, provides that no appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than $50. The language of the Code is that the pleadings may be oral when the amount in controversy does not exceed $50, and the language of the General Statutes is that no appeal shall be taken to this court when the value in controversy is less than $50. If interest is to be rejected in determining the amount in controversy, so as to dispense with written pleadings, then it must also be excluded in determining whether this court has jurisdiction of the appeal.
We must therefore affirm the judgment because there is no answer, or dismiss the appeal for want of jurisdiction. We incline to the opinion, however, that where, as in this case, the plaintiff sues for an aggregate amount made up of principal *155 and interest, and demands judgment for the whole sum as constituting the demand sued for, the sum so claimed fixes the amount in controversy, and if it exceeds $50 the pleadings must be in writing. (Orth & Wallace v. Clutz’s adm’r, 18 B. Mon. 225.)
The judgment must therefore be affirmed. •