# Walter A. Wood Mowing and Reaping Machine Co. v. Taylor.

### APPEAL FROM WARREN CIRCUIT COURT.

1. PRACTICE IN COURT OF APPEALS—MOTION TO AFFIRM AS DELAY CASE.—The Court of Appeals will not consider a motion to affirm as a delay case, unless counsel have made the statement required by sec. 759 of the Civil Code.
2. JURISDICTION OF COURT OF APPEALS—ACCRUED INTEREST.—Under sec. 950 of the Kentucky Statutes defining the jurisdiction of the Court of Appeals in judgments for money, the language "exclusive of interest and costs" includes as well interest accrued at the time of the institution of the suit as that accruing *pendente lite.*

W. B. GAINES FOR APPELLEE AND IN SUPPORT OF THE MOTION TO DISMISS.

Accrued interest is estimated in determining jurisdictional amount. Ky. Stat., sec. 950; Covington v. Powell, 2 Met., 230; Miller v. Mulvey, 7 Ky. Law Rep., 45.

EDW. W. HINES FOR APPELLANT AND AGAINST THE MOTION. (JOHN M. GALLOWAY OF COUNSEL.)

1. The accrued interest was not included.
2. Interest accrued at the time of bringing the action is not within the meaning of the phrase "exclusive of interest" in sec. 950, Ky. Stat., Elliott on Appellate Proc., sec. 61. The utterance of the court in Orth & Wallace v. Clutz's Admr., 18 B. M., 223, that accrued interest is to be excluded is *dictum.* Wagner v. Kastnar, 79 Ind., 162, is criticised by Judge Elliott (App. Proc., sec. 61) as unsound. The rule that accrued interest is excluded is followed by the Supreme Court in N. Y. El. R. Co. v. Fifth Nat. Bank, 118 U. S., 608; Zeckendorf v. Johnson, 123 U. S., 617.

·CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant brought this action to recover $54.31, being alleged balance due on an account of $57.31. Appellee pleaded a counterclaim, and, upon final hearing, it was adjudged that he recover over against appellant $45.88. An appeal .was prosecuted to this court, and the case is now pending upon two motions,—one, to affirm as a delay case; the other, to dismiss for want of jurisdiction. This court can not consider the former because of appellee's failure to make the indorsement required by section 759, Civ. Code. Therefore, the sole question for decision is whether the court has jurisdiction of the appeal.

By section 2, Art. 1, of an act relating to courts of justice, .approved June 10, 1893, which is identical with section 950, Ky. Stat., it is provided that "no appeal shall be taken to the Court of Appeals from a judgment for the recovery of, money or personal property if the value in controversy be less than one hundred dollars, exclusive of interest and ·costs." As the amount in controversy is the sum of the claim sued on and the judgment on the counterclaim, it is evident that, under the above section, this court would have jurisdiction of the appeal but for the fact that it appears from the petition and account filed that one of the items, amounting to $2.19, which go to make up the claim sued on, is interest which had accrued upon said claim prior to the institution of the action, and which, if excluded, would leave the value in controversy below the amount fixed by statute of which this court has jurisdiction. Counsel for appellant contends that as the item in question is accrued interest, already ascertained, and treated by appellant as part of the principal, it is to be excluded in determining the question of jurisdiction, and that the interest intended to

be excluded by the statute in this state of case was that which accrued subsequent to the institution of the action. The real question, then, for judicial determination, is the proper interpretation of the phrase "exclusive of interest," as used in section 950. In ascertaining the legislative intent, if we look to the words quoted and the context alone, we must conclude that appellant's contention is not well taken, for the language is of general import, and embraces every character of interest, without any exception whatever. But we need not rely alone upon this method of interpretation; for this question has been indirectly determined in Orth & Wallace v. Clutz's Adm'r, 18 B. Mon., 223, which held that the section of the Revised Statutes which fixed $100, exclusive of interest and costs, as the minimum amount in value of which the Appellate Court had jurisdiction, had been repealed by the provisions of the then existing Code of Practice, which provided that the amount in controversy must exceed $100, exclusive of costs, only, to give this court jurisdiction, and that, therefore, it had jurisdiction of an action wherein the principal and interest together exceeded $100. This ruling was approved in Bakewell v. Howell, 2 Metc., 268. Section 2 of the act of May 5, 1880, like the Code of 1854, included interest in the computation of the amount essential to give this court jurisdiction. It is therefore evident that, when section 950 was enacted, the Legislature had in mind the statutes and decisions above referred to, and intended, by inserting the phrase "exclusive of interest," to change the law, so as to exclude interest as well as cost in determining whether this court has jurisdiction of an action.

But it is further contended by appellant that the credit of $3, which was deducted from the original claim by it, should by this court be first applied to the payment of the

interest, in which event the amount in controversy, exclusive of interest and costs, would be within the jurisdiction.of this court. Appellant might have appropriated that credit to the extinguishment of the interest, but it has not done so. Instead, appellant yet claims it as a subsisting demand against appellee, and makes it one of the items of the account sued on. Motion sustained.