# Hale v. Grogan.

APPEAL FROM CALLOWAY CIRCUIT COURT.

1. APPEALS—ACT OF MARCH 14, 1898.—An appeal granted by the
   clerk of this court after the act of March 14, 1898, went into
   effect, from a judgment rendered before the passage of that act
   is subject to the provisions of the act; and unless the amount
   exceeds $200, exclusive of interest and costs, this court has
   no jurisdiction.
2. SAME "EXCLUSIVE OF INTEREST."—The language of the act, "ex-
   clusive of interest," excludes interest which accrued prior to the
   rendition of the judgment.

   On February 15, 1899, on motion of appellee, the appeal was
   dismissed; and afterwards came W. S. PRYOR and moved the
   court to set aside the order of dismissal, and on his motion
   argued:
   If the judgment had been for the plaintiff it would have been
   for more than $200, and this judgment would have borne inter-
   est; and it is the interest accruing after judgment that the stat-
   ute excludes. Besides, the principal of the notes sued on ex-
   ceeds $200, and the payments made did not amount to as much
   as the interest.

   Citations:  N. C. & St. L. R. R. v. Mattingly, 40 S. W. R., 673;
   Johnson v. Louisville, 11 Bush, 532; Bracy v. Bracy's Admr.,
   12 Bush, 154.

ROBBINS & THOMAS AND GREER & REED AGAINST THE MOTION
TO SET ASIDE THE ORDER OF DISMISSAL.

1. The appeal granted below prior to the act of March 14, 1898,
   was abandoned.
2. The language "exclusive of interest" means interest accrued at
   the time of the judgment.

   Citations:  Donaldson v. The Security Trust & Safety Vault Co.,
   20 Ky. Law Rep., 857; Tailor v. Shawley, 2 Ky. Law Rep., 217;
   Kendall v. Spradling, 15 B. Mon., 33; Jones' Executor v. Finnell,
   8 Bush, 25; *Ex parte* McCandle, 7 Wallace, 506; Cooley's Const.
   Lim., 474.

Hale v. Grogan.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The judgment appealed from in this case was rendered on November 18, 1897, and the appellant (who was the plaintiff below, and whose petition was dismissed) prayed and was granted an appeal in the lower court. Had he perfected that appeal by filing his transcript within the time allowed by law, his appeal would not have been affected by the act of March 14, 1898, which took effect June 10th thereafter, as was held by this court in the case of Donaldson v. The Security T. & V. Co., 20 Ky. L. R., 857, [47 S. W., 763]. However, he abandoned that appeal, and was granted one by the clerk of this court on October 7, 1898; and this appeal moves to dismiss, for the reason that this court has no jurisdiction of it, because the amount in controversy is less than $200, exclusive of interest and costs.

The first question, therefore, is: Had this court, on October 7, 1898, jurisdiction of appeals from judgments theretofore rendered, when the amount in controversy, exclusive of interest and costs, was less than $200? We think the statute then in force answers the question in the negative: "No appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property if the value in controversy, be less than $200 exclusive of interest and costs, nor to reverse a judgment of divorce," etc. After this law took effect, this court had no jurisdiction to entertain an appeal taken from any judgment wherein the amount in controversy was less than the minimum sum fixed in the law. The law was adopted in March, 1898, but did not take affect for ninety days thereafter, and all litigants were thus given an opportunity to save whatever privileges they had in respect to appeals from judgments rendered before the law took effect.

In a similar act, that of February 10, 1880, which chang-

ed the minimum jurisdiction from $50 to $100, there was a provision exempting from its operation all pending appeals, and all appeals afterwards taken from judgments rendered before the passage of the act. There is no such exemption here, and we must presume the Legislature intentionally omitted to provide for any exception. It is well settled that the right of appeal is a mere privilege, and not a vested right. "As such, it pertains to the remedy, and may be modified, abolished, or revised by the Legislature at discretion." 2 Enc. Pl. & Prac. 19.

The remaining question is: Is the "value in controversy less than $200, exclusive of interest and costs?" Several years before the suit was brought, the plaintiff's debt (two notes) amounted to less than $200 on its face, after applying certain admitted payments theretofore made,—the calculation being in the usual way where partial payments are made. This principal, however, and interest computed thereon from the last partial payment until the date of the institution of the suit, make some $281; and the plaintiff asks judgment for this specific sum in the prayer of his petition. A trial on the issues presented resulted in a verdict for the defendant (appellee), on which a judgment was duly rendered. It is from that judgment this appeal is prosecuted.

It is the contention of appellant that the amount or value in controversy is the sum of $281 as shown by the prayer of his petition; and this is undoubtedly true. But this sum is not the amount in controversy unless interest is included. The petition sets out the notes, with all the payments, and it is admitted that, unless interest is computed on the notes from the time of the last payments on them up to the bringing of the suit, the sum in dispute is less than $200. The plaintiff might have so framed his

Hale v. Grogan.

prayer (and it is not unusual to do so) as to ask for judg-
ment for the face of his note less the credits, with interest
thereon from their date; but he chose to adopt perhaps
the better plan, and make the calculation himself. We do
not think the particular method a plaintiff may adopt in
framing his prayer in cases of this kind can affect the ques-
tion of jurisdiction. In view of the statute excluding in-
terest from consideration, the principal of the debt is the
controlling factor in fixing the value in controversy.

If the statute controlling the jurisdiction of this court
fixed the minimum jurisdiction at a certain amount, "ex-
clusive of costs," the contention of counsel would be tena-
ble. The Revised Statutes of 1852 fixed the court's mini-
mum jurisdiction at $100 *exclusive of interest and costs*;
but afterwards the Civil Code of 1854 fixed the jurisdiction
at $100, *exclusive of costs*. And suit was brought on a note
for $60.46, with some 14 years' interest thereon, and, the
trial resulting in a judgment for the defendant, the plaintiff
brought his appeal to this court. On the question of juris-
diction, this court, in an opinion by Judge Simpson, in Orth
& Wallace v. Clutz's Adm'r, 18 B. Mon., 224, held that "the
interest upon the debt constituted a part of the matter in
controversy, and as it, as well as the costs, had been ex-
pressly excluded by the Revised Statutes from the compu-
tation of the amount necessary to give jurisdiction to this
court, and as the costs *only* are excluded by the provisions
of the Code of Practice, the rational presumption is that the
*interest* was not intended to be excluded." The court fur-
ther said: "Now, as the jurisdiction of the court was regu-
lated by the provisions of the Code, the Revised Statutes
on the same subject, having been previously adopted, were
repealed by the Code, and are no longer in force. We are
*therefore* of opinion that the interest due upon the debt at

the time the action was commenced constituted a part of the amount in controversy." And the jurisdiction was upheld. The reasoning of the court in that case leads irresistibly to the conclusion that the *interest* referred to, in the expression "exclusive of interest and costs," in the Revised Statutes (and, we may say, in all statutes of like import), is the interest prior to the institution of the suit, and that, if the court had been controlled by that statute, instead of by the provisions of the Code, the interest on the note of $60.46 accruing before the suit was brought, and making a total of over $100, would have been *excluded* in arriving at the amount in controversy.

It is hard to see what interest is excluded by the expression, unless it is the interest accruing before judgment. When the statute excludes *costs only*, the interest accruing on the judgment is not estimated in fixing the jurisdiction, in any of the courts, when this expression, "exclusive of costs," is used. Thus in Knapp v. Banks, 2 How. 73, and a long line of cases in the Supreme Court of the United States, it is held that the interest accruing on the judgment before the writ of error is sued out can not be taken into consideration in estimating the matter in dispute, although the statutes regulating the subject require the exclusion of costs only. In New York El. R. Co. v. Fifth Nat. Bank, 118 U. S. 608, [7 Sup. Ct., 23], there was a verdict in the lower court for $5,000. The minimum amount of the appellate jurisdiction was any sum or value "more than $5,000, exclusive of costs." But before judgment was entered upon the verdict some days elapsed, and a judgment was finally entered for $5,068. The court took jurisdiction, saying that the interest accrued *before judgment*, and not *after* the judgment. To the same effect was the case of The Patapsco, 12 Wall., 451, where the decree was

for $1,982, and interest thereon from the date of a report theretofore made, which made more than $2,000 due at the time of the decree, that sum being then the jurisdictional limit.    If, therefore, when nothing about interest is said in the statute fixing appellate jurisdiction, the courts have uniformly excluded all interest on the judgment, it must follow that, if any force at all is given the expression "exclusive of interest," we must hold it to refer to "interest prior to the judgment.

The same rule applies to the defendant.    If the judgment had been for the plaintiff in the sum prayed for, the amount in controversy, as to the defendant, would have been the sum of $281, but the amount in controversy, *exclusive of interest*, would have been only about $135, and no appeal would lie, or, if taken on the judgment, would have been dismissed on motion; the record disclosing that the amount in controversy was less than $200, exclusive of interest and costs.

The    case    of    Bracy    v.    Bracy's    Adm'r,    12    Bush, 154,    supposed    by    counsel    to    be    precisely    in    point, was decided under a provision of the statute giving the court jurisdiction where the amount in controversy was "fifty dollars exclusive of costs," and jurisdiction of the appeal was taken on the ground that the amount of the demand below was $53.32, consisting of the principal sum of $45, and of $8.32 interest.    The interest was held to be a part of the amount in controversy.    That case is in accord with the cases cited above, and in no way conflicts with our conclusion  The motion to dismiss is sustained.