## Sanford v. Roberts, Sheriff.

(Decided January 13, 1922.)

### Appeal from Shelby Circuit Court.

1. Taxation—Illegal Tax—Injunction—Assessment.—While a court of equity will enjoin the collection of an illegal tax it is without power to interfere with an excessive assessment. In the latter case the exclusive remedy is given in section 4128 of Kentucky Statutes.

2. Taxation—Injunction.—A court of equity is without power and jurisdiction to grant relief by injunction from an excessive assessment, even though the assessment is discriminatory in the sense that the valuation fixed was excessive as compared to the assessment of like property similarly situated.

3. Courts—Jurisdiction—How Conferred.—Jurisdiction means the power to hear, determine and enforce the conclusions reached. It is conferred by law and the parties to a suit cannot by consent give a court, as such, jurisdiction of a matter which is excluded by the law of the land.

JOHN D. CARROLL and PICKETT, BARRICKMAN & KALTENBACKER for appellant.

E. H. DAVIS, CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Robert H. Sanford filed suit in the Shelby circuit court to enjoin and restrain L. O. Roberts, the sheriff of Shelby county, from collecting in excess of $500.00 taxes on 347 acres of land for the year 1920. The petition alleges that the plaintiff was the owner of the land on July 1, 1919, and that it was assessed by the assessor and

board of supervisors of Shelby county on that date, for taxes for the year 1920, at a value of $183.57 an acre, whereas land of equal value and as well situated in the same vicinity was assessed at $60.00 to $100.00 an acre. It was averred that the plaintiff had been discriminated against in the assessment, and that the sheriff was threatening to and would collect the tax bill of $1,114.75 unless he was enjoined and restrained from so doing. Plaintiff asked for an injunction against the sheriff, restraining and enjoining the collection of more than $500.00 of the tax bill, and for a reassessment of the land at $60.00 an acre.

Answer was filed by the defendant, the first paragraph of which was a plea to the jurisdiction and the second paragraph was a denial of the discrimination charged in the petition. Later the sheriff withdrew the first paragraph of the answer, and the case being submitted on an agreed statement of facts, the trial court dis missed the petition and dissolved the restraining order on the ground that it was without jurisdiction to grant the relief sought.

The judgment was evidently founded on the statutes, section 4120 of which confers upon the board of supervisors the power to reduce or raise the assessment of property, and section 4128 gives to the taxpayer the right of appeal from the board's finding to the quarterly court, within thirty days after the final adjournment of the board, and the further right to appeal from the decision of the quarterly court to the circuit court and then to this court, in the same manner that the law allows appeals in civil cases.

Conceding that the procedure authorized by section 4128 is exclusive in cases of excessive valuation, it is insisted that the assessment complained of in this case is discriminatory and illegal, and therefore, a court of equity is authorized to intervene by injunction and protect the taxpayer. Cases, in which relief has been granted by injunction, are cited in support of this contention. They are, however, in our opinion distinguishable from this case.

Kentucky Heating Company v. City of Louisville, 174 Ky. 142, relied on by appellant, was not an injunction suit but was a suit to collect a franchise tax assessed against the appellant. It was stated there, that if the assessing authority "acts corruptly or fraudulently or makes an

assessment so excessive as that it amounts to spoliation or by mistake or oversight assesses property in such a manner as subjects it to double taxation the court will in a suit to collect or enjoin the collection of the taxes grant the aggrieved taxpayer adequate relief." But it was further stated, "Where the mistake complained of is a mere error of judgment, involving only the correct valuation of the property, as where the taxpayer insists that it should be valued at one sum and the board values it at another and a higher sum, the finding of the board will be conclusive and the court will not undertake to review or correct it unless it is clearly shown that the valuation fixed by the board is so excessive as to amount to spoliation."

From an examination of that decision it will be observed that the question raised here was not presented in that case, but the court did lay down certain rules, wherein it was announced that an injunction would not be granted against an excessive assessment, but only against an illegal or void tax.

Eminence Distillery Company v. Henry County Board of Supervisors, et al., 178 Ky. 811, is likewise inapplicable, for in that case the aggrieved taxpayer pursued the method for a review provided by section 4128 of Kentucky Statutes.

Nor do we understand that Fiscal Court Owen County, etc. v. F. & A. Cox Co., 132 Ky. 738, is authority for this proceeding. An examination of that opinion discloses the fact that the tax was a prohibitive license tax, levied by the fiscal court, amounting to spoliation, and there was no other remedy provided for the taxpayer. The injunction was placed on the ground that the license tax was prohibitive and, therefore, illegal.

It is well established that a court of equity will enjoin the collection of an illegal tax. There is a full discussion of the subject in City of Lancaster v. Pope, 156 Ky. 1, where the authorities are collated, and it is clearly stated that equity will, at the instance of a single taxpayer, grant relief against an illegal tax. But throughout the discussion, there is an unmistakable recognition of the limitation of power that prohibits a court of equity from interfering with excessive valuations or assessments.

In Negley v. Henderson Bridge Company, 107 Ky. 414, it was said:

"This court has, in a number of cases, held that a mere opinion on the part of a taxpayer that an excessive valuation has been placed upon his property furnishes no ground for enjoining the collection of taxes due to either the state or county." (See Russell, Sheriff v. Carlisle, 10 Ky. L. R. 285 (8 S. W. 14); Ward v. Beale, 91 Ky. 60, 14 S. W. 967); and Royer Wheel Co. v. Taylor Co., 20 Ky. L. R. 904 (47 S. W. 867). "But the right to have an injunction to restrain the collection of an illegal and void tax has long been recognized in this state, upon the ground of the inadequacy of the remedy at law."

While the injunction was granted in that case it was because the additional assessment, made without notice to the taxpayer, was manifestly illegal and void. It was on that ground alone that the injunction was allowed. A similar decision, with the identical reason therefor, is Boske v. Lewis Marx & Bros., 161 Ky. 460.

In Royer Wheel Company v. Taylor County, etc., 104 Ky. 741, it was said:

"Besides, individual grievances as to assessment, which are founded only upon opinion that the property has been assessed too high, furnish no ground for enjoining the collection of taxes due either the state or county. See Russell, Sheriff v. Carlisle, etc., 10 Ky. Law Rep. 285 (8 S. W. 14). And the soundness of this position is evident. If taxpayers upon a mere opinion of excessive valuation, can prevent by injunction, the collection of the revenues due the state or county, confusion and inconvenience would speedily result therefrom."

The language quoted convincingly states the reason for the rule heretofore announced. Applying it in that case, it was held that by failing to pursue the remedy provided by the statutes appellant had lost his right to complain, as the sole ground for relief was excessive valuation. To the same effect is Johnson, Sheriff v. Bradley-Watkins Tie Company, 27 Ky. Law Rep. 540.

This case cannot be located within that class of cases relied on by appellant, but comes directly within the principle enunciated in the Royer Wheel Company and Negley cases, *supra*. It not appearing that there was fraud in the assessment or that the valuation was so high as to amount to spoliation the circuit court was obviously without power to grant relief by injunction.

We cannot concur in the argument that, if it be admitted that the valuation was excessive, as compared

to the assessment of property of like value in the same vicinity, it was a discriminatory assessment and, therefore, illegal. The deduction is illogical. The statute gives to the taxpayer a remedy for an excessive valuation and necessarily the question of excessiveness is largely, if not wholly, determined by a comparison with other assessments of similar property. Practically every excessive valuation is discriminatory, but that does not make an illegal or a void tax. It is only where the tax is illegal or void or where the assessment is fraudulent or amounts to spoliation, thus rendering the tax illegal, that a court of equity is authorized to grant relief by injunction.

It is also argued that, as the sheriff withdrew his plea to the jurisdiction and consented to a trial of the case by the circuit judge, that court was clothed with jurisdiction which, otherwise it admittedly did not possess, to grant the injunction sought. In other words, it is said that the remedy provided in section 4128 is exclusive, if the sheriff had made objection to the pursuit of any other remedy, but having consented to try the subject matter in an injunction suit the statute was at once divested of its force and effect, and a new remedy created for the taxpayer. The statement of the argument sufficiently refutes it; litigants cannot emasculate a statute in that manner.

If section 4128 is the exclusive remedy for an aggrieved taxpayer in a case of this kind, consent to another method or another kind of adjudication cannot create a new remedy. Jurisdiction of the subject matter is created by law and cannot be conferred by the parties. (Cottrell v. Thompson, 15 N. J. Law, 344; State v. Mortensen, 73 Pacific, 562; Park v. People, 71 Ill. 278). It is a universal rule of law that the parties cannot by consent give a court, as such, jurisdiction in a matter which is excluded by the laws of the land. (7 R. C. L., p. 1039). The fact that the court might have acquired jurisdiction of the assessment by appeal from the quarterly court, in which event it would have acted as a supervising assessing agent (Eminence Distillery Co. v. Henry County Board of Supervisors, supra), in no wise confers upon it jurisdiction to entertain an injunction suit. Jurisdiction means the power to hear, determine and enforce the conclusions reached. It is conferred by law and cannot be conferred by the consent of parties, especially where the law has provided another method of procedure for determining the question, as it has done in this case.

For the reasons indicated the Shelby circuit court was without power and jurisdiction to adjudicate in this action the matter sought to be adjudicated, and the judgment is, therefore, affirmed.