### Sawyer's Executor v. Johnson.

(Decided November 20, 1923.)

### Appeal from Graves Circuit Court.

Appeal and Error—Appeal Dismissed where Amount Involved Exclusive of Interest and Costs, is Less than $500.00.—Trial court should grant an appeal as a matter of right to the Court of Appeals from a judgment for the recovery of money, if the value in controversy, exclusive of interest and costs, amounts to $500.00 or more, but the appeal is from the judgment, and not from the verdict of the jury, and, in estimating the amount of it, interest and costs must be excluded.

J. C. SPEIGHT for appellant.

HESTER & MURPHY for appellee.

Opinion of the Court by Judge McCandless—Dismissing appeal.

After verification and demand appellee sued the administrator of J. W. Sawyer's estate to recover on a claim she alleged it owed her. The administrator's answer consisted of a traverse and counterclaim of $323.00, exclusive of interest, and other defenses. The reply admitted the correctness of the counterclaim, and upon proof heard the other issues were submitted to a jury, which returned a verdict of $505.00 for the plaintiff.

The court credited this verdict by the amount of the counterclaim, including interest, and entered a judgment for the remainder, $98.50. An exception was taken and an appeal granted, which the administrator is now prosecuting.

The lower court should as a matter of right grant an appeal to this court from a judgment for the recovery of money if the value in controversy, exclusive of interest and costs, amounts to $500.00 or more, but the appeal is from the judgment and not from the verdict of the jury, and in estimating the amount of it, interest and costs must be excluded.

It will be observed that the judgment was for $98.50 and the counterclaim, exclusive of interest and costs, was $323.00, the total amounting to $421.50, consequently this court has no jurisdiction of the subject matter. Walter A. Wood M. & R. Co. v. Taylor, 104 Ky. 217; Orth, etc. v. Clutz, Admr., 18 B. Mon. 223.

Wherefore, the appeal is dismissed for lack of jurisdiction.