## Murray Motor Company v. Overby.

(Decided December 17, 1926.)

### Appeal from Calloway Circuit Court.

1. Appeal and Error—Sixty-Day Limitation for Appeal from Declaratory Judgment May Not be Extended by Deferring Filing Bill of Exceptions (Acts 1922, c. 83, Section 5).—Sixty-day limitation of time for appeal from declaratory judgment may not be deferred by postponing filing of bill of exceptions; permission of court being required for extension of time under Acts 1922, c. 83, section 5.

2.  Appeal and Error—On Enacting Declaratory Judgment Act, Legis-
    lature could Restrict and Qualify Right of Appeal.—In enacting
    Declaratory Judgment Act (Acts 1922, c. 83), legislature could
    attach restrictions and qualifications to right of appeal; such right
    being only a matter of grace and not constitutional.

3.  Appeal and Error—Appeal from Declaratory Judgment Determin-
    ing Rights of Tenant Cannot Avail Unless Taken Within Sixty-
    Day Time Limit (Declaratory Judgment Act, Section 5).—In appeal
    taken by tenant from declaratory judgment, in action to determine
    whether one who rented building, agreeing to pay such rent as
    lessor could secure from another party, was entitled to renew
    lease, failure to file appeal within sixty days required by Declara-
    tory Judgment Act (Acts 1922, c. 83), section 5, ousted court of
    jurisdiction.

JOE H. WEAKS and J. C. SPEIGHT for appellant.

COLEMAN & LANCASTER and WHEELER & HUGHES for ap-
pellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Dismissing appeal.

Appellee and plaintiff below, George W. Overby,
owned a building in Murray, Kentucky, operated as a
garage. Some time in 1924 he entered into a written
contract with appellant and defendant below, Murray
Motor Company, leasing that building for garage pur-
poses for the years 1925 and 1926 at a monthly rental
of $111.00. A clause in that lease said: "It is further
agreed and contracted in consideration hereto that at the
expiration of this lease of December 31, 1926, that the
second party shall have the option of leasing and renting
the said building thereafter for and during an additional
period of three years, upon the condition that they will
pay such rent as the first party may be able to lease said
building to another party." In the spring of the latter
year a conference was had between the parties with
reference to the renewing of the lease for three years
from and after December 31, 1926, pursuant to the quoted
provision; but they differ as to what occurred at
it. Plaintiff contends that at the conference he stated
that he had been offered and could procure a rental of
$160.00 per month after the expiration of defendant's
lease, and that he would not agree to a renewal thereof
except upon those terms, which defendant by its repre-
sentative at that time declined to accept, and he then and
there stated that plaintiff could rent the property to an-

other to begin after the expiration of defendant's lease; while defendant's representative contradicts that testimony. At any rate, plaintiff subsequently entered into a written contract with the E. J. Beale Motor Company, whereby he rented the same building for a period of five years beginning January 1, 1927, at a monthly rental of $160.00, and Beale & Company arranged to vacate the building it was then occupying. Later defendant asserted that it would claim its right to renew its lease pursuant to the quoted provision therefrom, and plaintiff brought this action in the Calloway circuit court under the Declaratory Judgment Act for the purpose of settling the rights of the parties.

After the issues were made and evidence heard the court to whom the cause was submitted adjudged that defendant had declined to renew the lease as contended by plaintiff, followed by his executing the one to Beale & Company, and that at the expiration of the year 1926, defendant should vacate the property and surrender its possession to Beale & Company. That judgment was rendered on August 10, 1926, and on December 11 of the same year defendant filed a transcript of the record in this court with a motion that the appeal be docketed, advanced and submitted, which has been done, and plaintiff has filed motion to dismiss the appeal because it was not filed in time.

The Declaratory Judgment Act is chapter 83, page 235, Acts of 1922, and section 5 thereof says: "Any party aggrieved by a declaratory judgment, order or decree, rendered in the circuit court, may within sixty days after such judgment, order or decree has become final, unless the time be extended by the court, but in no event in courts of continuous session beyond 120 days from the time that such judgment, order or decree became final, and in other courts beyond a day in the succeeding term to that in which the judgment, order or decree became final; take and perfect an appeal to the Court of Appeals in the manner now provided by law for appeals. Such appeal shall be at once docketed in the Court of Appeals, and *may be* advanced for immediate hearing and submission. The Court of Appeals shall prepare proper rules as to arguments and briefs applicable to cases brought before it under this act, and advanced as above prescribed. Should the party aggrieved not take and perfect an appeal to the Court of Appeals within the time above pro-

vided, the declaratory judgment, order or decree, shall become final, and no appeal or proceeding to modify or reverse shall thereafter be allowed." There was no order obtained extending the time for filing the record in this court although the bill of exceptions was not filed until the term following the one at which the judgment was rendered, but the 60 days' limitation for the prosecution of the appeal began to run from the date of the judgment, and the deferring of the filing of the bill of exceptions could not and did not toll that time. Therefore, if defendant desired further time until after its bill of exceptions was filed it devolved upon it to procure in the proper manner the necessary extension of time within which to file its record for the purpose of enabling it to file its bill of exceptions, if indeed, it would be competent for the court to extend the time.

The Declaratory Judgment Act provided an entirely new remedy, and in doing so it was competent for the legislature to withhold altogether the right of appeal, or to enact such restrictions and qualifications thereon as a prerequisite to the right as it saw proper, since the right of appeal is not a constitutional one but only a matter of grace. Reese v. Hickman Co., 187 Ky. 641, and numerous other cases and authorities which might be cited. When such regulations, including time limitations, are enacted as applicable to a particular remedy or procedure they are jurisdictional so far as the appellate court is concerned, and necessarily mandatory. McKister v. Shaffer, 186 Ky. 598, and Bramblett v. Commonwealth, 199 Ky. 669. That principle of appellate practice was expressly recognized by us as applicable to the Declaratory Judgment Act in the case of Livingston Co., et al. v. L. H. & L. D. Adams, 199 Ky. 127, where the transcript for an appeal from a declaratory judgment was not filed in this court within the sixty days' limit from the time the judgment was rendered, and the appeal was dismissed for that reason.

It results, therefore, that the motion herein to dismiss the appeal should be, and it is sustained, and the appeal is dismissed.