## Davis v. Ward.

(Decided February 1, 1929.)

M. O. WHEELER for appellant.

W. J. WARD for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Reversing.

Shade Ward sued the appellant, Willie Davis, and W. J. Ward, in the Johnson quarterly court to recover the sum of $25. A trial was had before a jury, which returned a verdict for the defendant (appellant here). Shade Ward appealed from that judgment to the Johnson circuit court, and, the cause coming on for trial in that court, a jury was impaneled, heard the evidence and instructions of the court, and retired to consider their verdict. After the jury had retired, Willie Davis for the first time called the court's attention to the fact that the amount in controversy was only $25 and moved the court to discharge the jury and dismiss the appeal. This motion was overruled, and thereupon the jury came into court and returned a verdict in favor of Shade Ward for the sum of $25, interest and costs.

After the adjournment of that term of the Johnson circuit court, Shade Ward caused an execution to be issued on the judgment in his favor, which was placed in the hands of the appellee Julius Daniel, a deputy of the appellee H. B. Adams, sheriff of Johnson county, and was by him levied upon a tract of land in that county belonging to the appellant, Willie Davis. Thereupon appellant

instituted this action in the Johnson circuit court, wherein he sought to enjoin the collection of the execution and the subjection of his land thereto on the ground that the judgment was void, because the Johnson circuit court had no jurisdiction of the action in which the judgment was rendered. He was granted a temporary restraining order by the clerk of that court. The defendant filed a demurrer to the petition, and it was sustained. Plaintiff declined to plead further, and his petition was dismissed by the following judgment:

"This cause coming on to be heard, it is considered and adjudged by the court that the restraining order issued herein be and the same is dissolved. On the trial of the case of Shade Ward v. Willie Davis, in which a verdict of a jury and a judgment thereon for $25 was entered at a former term of this court, and out of which the present action grows, the question of this court's jurisdiction was not raised till all the proof for both plaintiff and defendant had been heard by a jury, and the jury had been instructed by the court and had the case for consideration, to which ruling of the court the plaintiff excepts. The plaintiff refusing to plead further, it is ordered that the petition be and the same is now dismissed, to which plaintiff excepts, and prays an appeal to the Court of Appeals, which is granted."

It is insisted by the appellant that, inasmuch as the amount in controversy is only $25, the Johnson circuit court had no jurisdiction of the action and its judgment on the appeal from the quarterly court is void; while for appellee it is insisted that, since no question of the court's jurisdiction was raised until after the cause had been tried and submitted to the jury, the motion to dismiss the appeal came too late, and the question of jurisdiction had been waived.

Section 978, Kentucky Statutes, provides:

"Appeals may be taken to the circuit court from all orders and judgments of the fiscal court or quarterly court in civil cases where the value in controversy, exclusive of interest and costs, is over twenty-five dollars. . . . "

Since the amount in controversy in the quarterly court was only $25, no appeal could be prosecuted from

the judgment of that court to the circuit court, and the prosecution of an appeal to the circuit court could not give that court jurisdiction. Wood Mowing & Reaping Mach. Co. v. Taylor, 104 Ky. 217, 46 S. W. 720, 20 Ky. Law Rep. 536; Hale v. Grogan, 106 Ky. 311, 50 S. W. 257, 20 Ky. Law Rep. 1856. Neither could the parties by consent confer jurisdiction upon the circuit court. Sanford v. Roberts, 193 Ky. 377, 236 S. W. 571.

In 15 C. J. p. 806, it is said: "Jurisdiction cannot be conferred by an appearance and answering to the merits, or by confessing the bill by omitting to answer where the subject matter of the action is not within the jurisdiction of the court." And in the same volume, at page 844, it is said: "An absolute want of jurisdiction of the subject-matter or the cause of action cannot be waived. . . ."

And in 7 R. C. L. p. 1042, it is said: "Where judicial tribunals have no jurisdiction of the subject-matter on which they assume to act, their proceedings are absolutely void in the strictest sense of the term; and a court which is competent to decide on its own jurisdiction in a given case may determine that question at any time in the proceedings of the cause, whenever that fact is made to appear to its satisfaction either before or after judgment. Accordingly an objection for want of jurisdiction, if it exists, may be raised by answer, or at any subsequent stage of the proceedings, and in fact may be raised for the first time on appeal. A court will recognize authority of jurisdiction over the subject-matter, even if no objection is made, and therefore whenever a want of jurisdiction is suggested, by the court's examination of the case, or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction it is powerless to act in the case."

The Johnson circuit court had no jurisdiction of the appeal attempted to be taken from the judgment of the quarterly court, and it should have dismissed the appeal when appellant made his motion therefor. Such a motion could be properly made at any stage of the proceedings. Consequently the judgment of the circuit court was and is void; the execution which was issued thereunder and levied upon the land of the appellant was and is void.

Appellant was entitled to the injunctive relief sought in his petition, and the court erred in sustaining the demurrer thereto. He is, however, liable for any costs in the circuit court on the trial of the appeal resulting from

his failure to sooner raise the question of jurisdiction. Section 92, Civil Code.

Wherefore the judgment is reversed for proceedings consistent with this opinion.