## La Crosse v. City of Ludlow et al.

(Decided November 22, 1929.)

STEPHENS L. BLAKELY and JOS. P. GOODENOUGH for appellant.

HELM WOODWARD for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Dismissing appeal.

This is an appeal from a judgment of the Kenton circuit court in a suit under the Declaratory Judgment Act, Civil Code of Practice secs. 639a1—639a12. Judgment was entered in this case on October 15, 1928, and the record was lodged in this court on March 19, 1929. There was no order extending the time for the filing of this record. A motion has been made in this court to dismiss this appeal because not filed within 60 days after the entry of the judgment, as required by the fifth section of that act. Civil Code of Practice, sec. 639a5. The appellant concedes that the motion should be sustained unless it be that the appellees have waived their right to have this appeal dismissed by delaying the making of their motion to dismiss until after they had executed and filed a stipulation agreeing to an extension of time for the filing of briefs herein. The position of the appellant in this regard is unsound. In the case of Murray Motor Co. v. Overby, 217 Ky. 198, 289 S. W. 307, we held that the provisions of section 5 of the Declaratory Judgment Act are jurisdictional so far as this court is concerned and necessarily mandatory, and that a failure to file the transcript for an appeal from a declaratory judgment in this court within 60 days after the rendition of the judgment in the lower court, unless the time be extended as provided in that section, requires a dismissal of the appeal. This case was followed in that of Lady

626

v. Lady, 225 Ky. 679, 9 S. W. (2d) 1003.  In the case of Davis v. Ward, 227 Ky. 634, 13 S. W. (2d) 782, we held that jurisdiction over the subject-matter cannot be conferred by waiver.

As the filing of the record within the time required by section 5 of the act is jurisdictional, and, as jurisdiction over the subject-matter cannot be conferred by waiver, which is but another form of consent, it follows that the motion of the appellees to dismiss this appeal, must be, and it is hereby, sustained.