## Moore v. Lee Court Realty Company.

(Decided October 30, 1931.)

E. J. TRACY and BLAKELY & MURPHY for appellant.

MACKOY & MACKOY and PAXTON & SEASONGOOD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Sustaining Motion to Dismiss Appeal.

In her petition for a rehearing filed herein by counsel other than her trial counsel, appellant makes the point that, this suit being one under the Declaratory Judgment Act, and the appeal not having been filed in this court within 60 days after the judgment in the lower court had become final, and there being no extension of time for the filing of this appeal, this court was and is without jurisdiction to hear and determine this appeal. In its response the appellee insists, first, that, although begun as a suit under the Declaratory Judgment Act (Civil Code of Practice, secs. 639a-1 to 369a-12), this action ceased to be such due to the attitude of the parties in the later pleadings and the trial of the case, but, if in error as to this, that, the appellant by waiting until this court had considered the appeal, and by an opinion against which the petition for a rehearing is now directed had affirmed the judgment on the original appeal and reversed it on the cross-appeal, it is now too late for the appellant to raise the point that this court is without jurisdiction.

We are constrained to the position that the appellant is sound in the motion she makes to dismiss this appeal. This suit was brought under the Declaratory Judgment Act, and was tried as such throughout. On its trial, interrogatories were submitted to the jury as provided by section 639a-7 of the Code, this being section 7 of the Declaratory Judgment Act; thus indicating that even at this stage of the proceedings the parties considered this case as being one under that act, as indeed it was. This action then being a suit under the Declaratory Judgment Act, it follows that the filing of the appeal within the time prescribed by the Declaratory Judgment Act was necessary in order for this court to consider the appeal, since such a filing within such time is jurisdictional. In the case of La Crosse v. City of Ludlow, 231 Ky. 625, 21 S. W. (2d) 1003, a motion was made to dismiss an appeal in a declaratory judgment suit which had not been seasonably filed in this court. It was urged that, as this motion to dismiss was not made until after the appellant and appellee had agreed to an extension of time for the filing of briefs in this court, the right to have

the appeal dismissed had been waived. In answering that contention, we said:

"The position of the appellant in this regard is unsound. In the case of Murray Motor Co. v. Overby, 217 Ky. 198, 289 S. W. 307, we held that the provisions of section 5 of the Declaratory Judgment Act are jurisdictional so far as this court is concerned and necessarily mandatory, and that a failure to file the transcript for an appeal from a declaratory judgment in this court within 60 days after the rendition of the judgment in the lower court, unless the time be extended as provided in that section, requires a dismissal of the appeal. This case was followed in that of Lady v. Lady, 225 Ky. 679, 9 S. W. (2d) 1003. In the case of Davis v. Ward, 227 Ky. 634, 13 S. W. (2d) 782, we held that jurisdiction over the subject-matter cannot be conferred by waiver.

"As the filing of the record within the time required by section 5 of the act is jurisdictional, and, as jurisdiction over the subject-matter cannot be conferred by waiver, which is but another form of consent, it follows that the motion of the appellees to dismiss this appeal must be, and it is hereby sustained."

See, also, Murray Motor Co. v. Overby, 217 Ky. 198, 289 S. W. 307; Johnson v. Johnson, 225 Ky. 681, 9 S. W. (2d) 1004; Ohio-Kentucky Coal Co. v. Auxier, 239 Ky. 442, 39 S. W. (2d) 662.

The right of the courts to entertain suits in accordance with the provisions of the Declaratory Judgment Act arises by virtue of that statute. By section 639a-5 of the Code, being section 5 of that act, it is provided: "Should the party aggrieved not take and perfect an appeal to the Court of Appeals, within the time above provided, the declaratory judgment, order or decree, shall become final, and no appeal or proceeding to modify or reverse shall thereafter be allowed." It is thus apparent that the bringing of the appeal within the time provided is a condition to the exercise of the right and remedy created by this statute, and, if the condition is not complied with, there is neither right nor remedy. The right and remedy and the limitation thereon are created coincidentally and are inseparably united. The limitation in such case relates, not merely to the remedy,

but to the right itself. In the case of Lilly v. O'Brien, 224 Ky. 474, 6 S. W. (2d) 715, 718, in discussing this principle in connection with election contests under the statute governing election contests, and in holding that the bringing of an election contest within the time prescribed by the statute was a part of the right which could not be waived, we said:

"When the limitation is coupled with the right itself, the right lives only during the period fixed. Actions under section 344 of the Civil Code for a new trial are of that kind, and must be brought within three years, and, if not so brought, may not be heard. Anderson v. Meredith, 9 S. W. 407, 10 Ky. Law Rep. 460. This principle is stated in 37 Corpus Juris, p. 686, sec. 5, as follows:

"'A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether. To such limitations the rules of law governing pure statutes of limitation, applicable to all classes of action, have no application; they are to be determined by the law of the place under which the right of action arose or the contract was made and are not to be treated as waived merely because they are not specially pleaded. They are not subject to the disabilities and excuses through which the effect of ordinary statutes of limitation may be avoided, nor, it seems, can they be evaded even by proof of fraud. Whether a particular limitation of time is to be regarded as a part of the general statute of limitations or as a qualification of a particular right must be determined from the language employed and from the connection in which it is used.'

"It is further elaborated and supported by the citation of authorities in 37 C. J., p. 732, sec. 51, as follows:

"'Where by a statute a right of action is given which did not exist by the common law, and the

statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition on such right, and will control, no matter in what form the action is brought. But this rule is held to be inapplicable where no limit of time is prescribed by the statute giving the right of action, although a limitation is imposed by the general statutes of the state. On the other hand it is declared that the rule does not apply, even if the limitation is in a different statute, provided it is directed to the newly created liability so specifically as to warrant saying that it qualifies the right. Moreover, the general rule first above stated is exceptional, and does not make the general provisions of the statute of limitations existing in the jurisdiction where the liability was created operate extraterritorially. Rodman v. Mo. Pac. Ry. Co., 65 Kan. 645, 70 P. 642, 59 L. R. A. 704; Davis v. Mills, 194 U. S. 451, 454, 24 S. Ct. 692, 48 L. Ed. 1067; Foll Northern Pac. R. Co. v. Crowell (D. C.), 245 F. 668; Osborne v. Grand Trunk R. Co., 87 Vt. 104, 88 A. 512, Ann. Cas. 1916C, 74.''

It follows, that, unless the appeals in these declaratory judgment suits are prosecuted within the time prescribed by the act, this court is without jurisdiction to entertain them, and that such jurisdiction cannot be conferred upon this court by consent of the parties or waiver. The motion of the appellant to dismiss this appeal and cross-appeal will therefore have to be sustained. It is so ordered.

Whole court sitting.