## Leslie County v. Hensley, Jailer.

Feb. 7, 1939.

WILL C. HOSKINS, County Attorney, for appellant.
JOHN H. ASHER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

At the regular election in 1937 the appellee, Thomas T. Hensley, was elected to the office of jailer of Leslie County, taking his office at the first of the year 1938. On April 30, 1937—more than six months before the general election at which appellee was elected to his office, and more than three months before the primary election in August of that year when he received the nomination of his party as its candidate for that office—

the fiscal court of the county made an order duly entered and signed on its order book, fixing the salary fees of the office of jailer for the ensuing term, commencing at the first of the year 1938, at $30 per month. After his election, and on December 31, 1937, appellee attempted to appeal from that order to the Leslie circuit court, by filing a certified copy of it with the clerk of the circuit court and having summons issued thereon for Leslie county, he having designated it as appellee in lieu and instead of the fiscal court and its members whose order he sought to modify or set aside by the appeal; but no bond was executed by him. Nothing seems to have been done with the appeal in the circuit court to which it was prosecuted until April 26, 1938, during a regular term of the circuit court, when the county by its county attorney moved that the appeal be dismissed because (a) it was not taken by appellant within 60 days from the time the fiscal court order was made, which section 729 of our Civil Code of Practice expressly requires shall be done, and (b) that no bond was executed at the time of the prosecution of the appeal, as is required by section 724 of the same Code.

The circuit court overruled the motion and took jurisdiction of the appeal, followed by the rendition of a judgment increasing the monthly allowance to the jailer of the county from $30 per month, as fixed in the fiscal court order, to $45 per month, and which it appears was done without the hearing of any testimony from either side of the controversy. From that judgment the county, by its county attorney, prosecutes this appeal.

The only argument made by counsel for appellee on this hearing in avoidance of ground (b) is contained in this sentence: ''It seems that it would be reasonable to say that since the county is not paying except $30.00 per month and that no damages could come to it, that (it) is not necessary to execute a bond for damages to it.'' The avoidance put forward in responding to ground (a) is that the appellee's right of appeal from the fiscal court order did not accrue to him until after he was elected, and that inasmuch as the order provided for his allowed salary to be paid in monthly installments, instead of in an annual sum, his right of appeal was renewed or rather accrued from month to month, but which contention ignores the fact that the order fixed the expense account of the jailer at $360 per annum payable in monthly installments as is true of all compensa-

tion to public officers of every kind and, possibly, everywhere. That statement of the situation is enough in itself to point out the fallacy of that avoidance of recurring rights of appeal each month during appellee's term. Moreover, the requirement that the appeal shall be prosecuted "within 60 days from the rendition of the judgment" (the order appealed from) makes no exception in favor of one who may sometime in the distant future become dissatisfied with it and desire to have it modified, or set aside, so as to allow him 60 days within which to prosecute an appeal to the circuit court from the time that his individual interest arises.

On the contrary, the limitations within which the appeal may be taken from the order accrues and the time begins to run from the date of the rendition of the judgment, and the right of appeal is lost to all persons affected by the order, unless prosecuted within the time fixed by the statute giving the right of appeal. The interpretation contended for by appellee's counsel, in its final analysis, would preserve the right of appeal to any elected officer of the county, so circumstanced, at any time within the indefinite future as long as the order remained unmodified, although the statute expressly requires that any appeal from the order shall be taken within 60 days from the time it is made. No case is cited in support of the contention so urged and it is clearly unsustainable. Besides, plaintiff if dissatisfied with the order of the fiscal court, when and as made, fixing the salary of the office of jailer, could have refused to seek the office by declining to become a candidate, or by withdrawing from the contest after becoming a candidate. No one was compelling him to press forward in the achievement of his ambition, and if he desired to do so he must abide by the condition as fixed by the proper authorities for enjoying the emoluments of his office or, at any rate, seek relief in some manner that might be open to him, and not to employ a remedy that has become unavailable by the lapse of time. He may not seek the office and after he obtains it then appeal from the order fixing his compensation made long before his election.

The allowance here involved is not intended as compensation to appellee for his services as jailer, but only to enable him to meet necessary expenses in performing his duties, other than caring for and dieting prisoners—the fees allowed for the latter furnishing his compensation as such officer. The refusal of the fiscal

court to appropriate any amount, or not a sufficiency to enable the jailer to perform his duties outside of and beyond the keeping of prisoners under his charge, may be corrected by mandatory orders of the circuit court in appropriate actions for that purpose, as is pointed out in the case of Bath County v. United Disinfectant Company, 248 Ky. 111, 58 S. W. (2d) 239. But it is quite a different procedure from that of an appeal from the fiscal court order as was attempted to be done in this case. The appeal not having been prosecuted within the 60 days prescribed by law, the circuit court should have sustained appellant's motion to dismiss it, and we are equally convinced that ground (b) should have been sustained also, since we find no statute or adjudication whereby appellee as an elected officer is exempt from executing the required bond in prosecuting his appeal, the same as is required of all other appellants adopting the same procedure.

The only question that gave us any concern when this record was first read is, whether or not the appeal here involved—which is prosecuted under the provisions of section 978 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes—is regulated by the provisions of sections 724 et seq., of our Civil Code of Practice, one of which (729) fixes the 60 day limit for the appeal. Those sections form a part of title 16, section 700 et seq., of that Code and expressly relate to quarterly, police, county and justices' courts—not mentioning fiscal courts— and it might be argued that appeals from fiscal court orders are not controlled by the provisions of the sections of the Civil Code of Practice referred to. An investigation, however, discloses that the question was before us in the case of Jefferson County v. Young, 120 Ky. 456, 86 S. W. 985, 27 Ky. Law Rep. 849, wherein we held, as pointed out in that opinion, that the sections of the Code were enacted prior to the adoption of our present constitution which for the first time created county fiscal courts with functions theretofore performed by county courts. Consequently, when a later statute provided for appeals from orders of fiscal courts, we held that such appeals should be practiced under and be governed by the enacted procedure as prescribed by the Civil Code of Practice, and which had the effect to require appeals from orders of fiscal courts to be taken in the manner pointed out by the Code sections, and within the time prescribed by them.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside and to sustain the motion of Leslie County to dismiss the appeal taken by appellee from the order of the fiscal court of which he complains, and for such other proceedings as may be consistent with this opinion.