## Dyche et al. v. Gross et al.

June 14, 1940.

W. E. Begley, Judge.

William A. Hamm, Murray L. Brown and Guy H. Herdman for appellants.

C. L. Luker, S. E. Begley, William Lewis & Son and A. T. W. Manning for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the regular primary election in 1937 the appellee J. D. Gross was nominated by the Republican party as its candidate for the office of county judge of Laurel county, Kentucky. He was elected at the following November election and qualified and assumed its duties on the first Monday in January, 1938. Prior to his nomination (and on April 6, 1937) the fiscal court of Laurel county, by an order duly made on its records, fixed the salary or compensation for that office during the succeeding regular term beginning on the first Monday in January, 1938, at $1,200, specifying in the order that $800 of that sum was "regular salary" for the incumbent, and that the remaining $400 was "salary in lieu of criminal fees." No appeal by appellee Gross, nor by any other person was ever taken to the Laurel circuit

court from that order, nor was any proceeding whatever instituted calling in question its propriety until December 7, 1937, after Gross was elected to the office— at which time he appeared before the fiscal court and entered motion that it set aside its prior order, supra, and enter another one doubling the allowances made in the first one, whereby he would be permitted to draw a total salary of $2,400 per annum instead of the $1,200 fixed in the first order. The fiscal court overruled that motion, and within 60 days after the overruling order was entered—but after appellee Gross qualified and assumed the duties of the office—he appealed therefrom to the Laurel circuit court, which overruled all objections and exceptions, assumed jurisdiction and entered judgment fixing the combined annual salary of the county judge of Laurel county for the four years beginning January 1, 1938, at $2,400, which was paid to Gross for some fifteen months, when this action was filed by appellant and plaintiff below, Russell Dyche, as a citizen and tax payer of the county, against him, the members of the fiscal court, the county court clerk, and the county treasurer of the county, seeking to enjoin future payments of the salary greater than that fixed by the fiscal court. Plaintiff also sought to recover from him the amount of excess payments above that fixed by the fiscal court that he had collected since assuming the duties of the office. The judge of the Laurel circuit court dismissed plaintiff's action, to reverse which he prosecutes this appeal.

Many questions are argued by attorneys for each side, but an analysis of the situation makes it clear that only these three are involved: (1) Whether the undertaking of the fiscal court, at the time it made the salary fixing order, to designate an allowance to the county judge for presiding at the trial of misdemeanor cases could then be legally made, or postponed until "the last regular term of the fiscal court preceding the regular election for county officers," as is prescribed in Section 1732a-2 of Baldwin's 1936 Revision of Baldwin's Kentucky Statutes? (2) whether the order fixing the compensation of the future county judge for the succeeding regular term became final and beyond the power of the fiscal court to alter after the adjournment of the term at which it was entered, and (3) if the order of the fiscal court fixing the compensation for both classes of services of the county judge was regular, what then was the

remedy of defendant and appellee Gross to bring about a review or alteration of it, and when should that remedy be invoked by him? We will now undertake the task of answering those questions in the order named.

■ It is not denied, but admitted, that the fiscal court had authority and it was its duty to fix what its order termed the "regular salary" of the county judge at the time it attempted to and did do so; but it is strenuously argued by defendant Gross that it could not at that time—in view of Section 1732a-2 supra—fix a salary or compensation to be paid the succeeding county judge for presiding at the trial of misdemeanor cases. Whether or not that contention is sustainable presents the first point to be determined in answering question (1). In the first place we are not inclined to construe the time fixed by Section 1732a-2 as the time for fixing compensation for services of county judges in presiding at the trial of misdemeanor cases as mandatory but only directory. That conclusion could be fortified by more than one reason if it were necessary to do so, and wherein judicial precedent could be cited in support thereof. But one outstanding reason is that there is no sense or logic in requiring two separate dates in the same year for the fixing of the two separate classes of compensation for the county judge, as is prescribed by the section last referred to, and by Section 1072 of our same statutes, even if the latter section had not been amended by chapter 131, page 635 of the session acts of 1932, four years after the enactment of Section 1732a-2. At the time of the enactment of that amendment the two sections referred to prescribed for different dates for fixing the separate compensations to be paid the county jrdge, but the 1932 amendment said that the annual salary (which necessarily meant and embraced all sums which at that time went to make up the total salary) to be paid or received by the county judge (as well as other county officers) should be paid monthly "provided, however, that said salary shall be fixed not later that the *first Monday in May in the year in which said officers are nominated and elected.*" (Our italics.)

Therefore, if, perchance, Section 1732a-2 should be construed when first enacted as mandatorily requiring the part of the county judge's salary therein provided for to be fixed by the fiscal court at the time therein desnated, then it becomes plain that the 1932 amendment

to Section 1072—enacted four years after Section 1732a-1 was enacted requiring salaries of county officers, including county judge, to be fixed "not later than the first Monday in May" in the year in which such other officers are elected—repealed by implication and thereby superseded so much of Section 1732a-2 as was inconsistent with the amendment. We, therefore, hold that the order made by the fiscal court on the 6th day of April, 1937, fixing the salary to be paid the county judge taking office on the first Monday in January, 1938, at $1,200—divided as therein indicated supra—was regularly made as to each of such allowances, and which conclusion disposes of question (1) adversely to defendant's contention.

■ Question (2) is directly and specifically answered in the affirmative in our opinion in the case of Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136, wherein the fiscal court of Hopkins County on its own motion attempted to set aside its previous order fixing the compensation of the county school superintendent of that county for the incoming term beginning at the first of the following January. Its first order was made on October 19, 1909; but after the regular November election, and on November 16, 1909, the fiscal court attempted to increase the allowance made as compensation to the incumbent of the involved office and plaintiffs as tax payers brought the action against him to collect the increased salary that had been paid to him during his term pursuant to the amendatory order of the fiscal court made on November 16, 1909, on the ground that the latter order was void; and especially so when made *after* the general election of the officer for and on behalf of whom it was made. We sustained plaintiff's contention and permitted planitiffs to recover the excess salary paid to the superintendent over and above that fixed in the order of the fiscal court on October 19, 1909, which was, of course, before defendant was elected to the office.

This case is on all-fours with that one, except the instant plaintiffs occupy a more favorable attitude, in that the fiscal court of Laurel county *refused* to change its order made on April 6, 1937, on the motion of appellant made for that purpose on December 7, 1937; whilst in the Fox case the fiscal court did change its original order by increasing the salary therein provided for.

■ Section 978 of our Statutes, supra, provides for appeals "from all orders and judgments of the fiscal court or quarterly court in civil cases," in a long list of cases therein enumerated "and in all other cases allowed by law." Section 729 of our Civil Code of Practice prescribes that all such appeals must be prosecuted "within sixty days from the rendering of the judgment." The late cases of Akins v. Peak, 239 Ky. 847, 40 S. W. (2d) 324; Caddell v. Fiscal Court of Whitley County, 258 Ky. 114, 79 S. W. (2d) 407, and Leslie County v. Hensley, Jailer, 276 Ky. 679, 125 S. W. (2d) 255, involved exclusively the right of appeal to the circuit court of the county from an order of its fiscal court *fixing salaries* of county officers, as provided for in the sections of our Statutes supra, and in each of them—as well as in other cases cited therein—we held not only that the right of appeal existed in such cases, but that it must be prosecuted within the provided sixty days by Section 729 of our Civil Code of Practice, supra, and if not done all rights of direct attack; or to bring about an alteration in the order fixing the salaries of the county officers were lost, except, perhaps, by a later plenary application to the circuit court if the amount of the salary fixed by the fiscal court was grossly inadequate or grossly excessive so as to make it appear that it was the result of arbitrary action rather than the result of a sound and permissible judicial discretion.

We also held in those cases that the sixty day limit for an appeal applied to one who later became a candidate, although at the time of the entry of the order by the fiscal court he had no other interest in the matter (inchoate or otherwise) than that of any other tax payer, the latter of whom—it was also held in those cases—could prosecute an appeal to the circuit court from such an order without requesting the fiscal court to rectify its wrong; but, perhaps, application should first be made by such tax payer to the county attorney to prosecute the appeal before himself doing so following the attorney's refusal. In this case plaintiff requested the fiscal court of Laurel county in writing to itself bring this action to obtain the relief sought by it, but which it refused, thereby giving plaintiff the right as a tax payer to maintain the action for and on behalf of himself and the other tax payers of the county.

It was insisted in the cases supra that the right of

appeal by the officers involved in them from the order of the fiscal court did not accrue until they acquired some special interest in the subject matter involved, which defendant insists did not occur until he was elected. But we have seen in the cases cited that the question was also involved in each of them and determined adversely to such contention. In the Caddell case, in answering the same contention we said that (at least presumptively) he knew (from the record of the order) the salary he would receive as fixed by the fiscal court should he be elected to the office and that [258 Ky. 114, 79 S. W. (2d) 408] ''If it were not sufficient in amount to satisfy his desire and liking, he could refuse to become a candidate, or withdraw after his announcement as such. No one compelled him to continue as one * * *. One so situated must accept the salary as so fixed. Plaintiff, therefore, stood in no position to become vested retroactively after his election and qualification with the right to then, for the first time, question the fairness of the amount fixed and to thus indirectly clothe himself as a qualified litigant with authority to contest and dispute consequences produced by water that had run over the dam. The courses open to him were either to prosecute an appeal within sixty days after the [entry of the] order as a tax payer of the county (and possibly as a bona fide candidate for the office involved), or to have thanked the electorate for their attention and retire from the scene. Neither one was pursued, and the order fixing the status of the salary must remain.''

Disposing of the same point adversely to defendant's contention we said in the Hensley case [276 Ky. 679, 125 S. W. (2d) 256]: ''No case is cited in support of the contention so urged and it is clearly unsustainable. Besides, plaintiff if dissatisfied with the order of the fiscal court, when and as made, fixing the salary of the office of jailer, could have refused to seek the office by declining to become a candidate, or by withdrawing from the contest after becoming a candidate. No one was compelling him to press forward in the achievement of his ambition, and if he desired to do so he must abide by the condition as fixed by the proper authorities for enjoying the emoluments of his office.'' There is nothing in the opinion in the recent case of Graves County v. Sullivan, Ky., 140 S. W. (2d) 636, militating against

our answer to question 3, supra, since the same question was expressly left open and undecided in that case.

The cases supra, and many others that could be cited determined adversely to defendant all of the defenses he interposed to plaintiffs' action, except he insists that the judgment of the Laurel circuit court fixing his salary at $2,400 per year was and is an adjudication of his right to collect that amount and binding on the county and its tax payers. But before that argument may prevail the judgment of the circuit court must have been valid, i. e., that the court rendering it should possess jurisdiction of the subject matter and the parties. The order of the fiscal court from which defendant prosecuted his appeal to the circuit court—and in which its relied on judgment was rendered—was one that we have already seen the fiscal court could not entertain at the time it was made, and if it had sustained defendants' motion and increased his salary to the same amount adjudged by the circuit court, then the increase would have been invalid under our cases cited supra. Since, therefore, the fiscal court itself possessed no jurisdiction of the matter at the time defendant made his motion before it on December 7, 1937, it follows that the appellate or circuit court likewise had no jurisdiction, and which proposition is sustained by these cases: Davis v. Ward, 227 Ky. 634, 13 S. W. (2d) 782; Sanford v. Roberts, 193 Ky. 377, 236 S. W. 571; Hale v. Grogan, 106 Ky. 311, 50 S. W. 257, 20 Ky. Law Rep. 1856, and Wood Mowing & Reaping Machine Company v. Taylor, 104 Ky. 217, 46 S. W. 720, 20 Ky. Law Rep. 536. Text authorities to the same effect will be found collated in the Davis opinion. Some collateral questions, though immaterial to the decisive ones hereinbefore disposed of, are argued in briefs, but because of their immateriality we will neither name or discuss them. It is sufficient to note that what we have already said disposes of the case adversely to defendants, and that the court erred in dismissing plaintiffs' petition.

Wherefore, the judgment is reversed, with directions to set it aside and to render judgment in favor of plaintiff according to the prayer of the petition.

The Whole Court sitting, except Judge Rees, who is absent.