Krinn v. Helmbold.

CASE 92—ACTION BY HELMBOLD AGAINST KRINN TO CONTEST AN ELEC-
TION.—JUNE 14.

# Krinn v. Helmbold.

APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    DISMISSED.

ELECTION CONTEST—APPEAL—FAILURE TO FILE TRANSCRIPT IN TIME.

Held:   Under the election law of 1900, providing that in election
     contests, either party may appeal from the judgment of the
     circuit court to the court of appeals by giving bond, "and by
     filing the record in the clerk's office of the court of appeals
     within thirty days after final judgment in the circuit court,"
     the court of appeals has no jurisdiction unless the transcript is
     filed within the time prescribed.

H. M. BENTON AND SAM. E. ANDERSON, FOR APPELLANT.

     The sole question involved in the motion to dismiss the appeal, is whether the ordinary provisions of the code are ap-

plicable to the .suing out of appeals, in the court of appeals, in election contest or are they repealed by implication.

Such repeals are not favored. One statute will not be regarded as repealing another by construction unless they are absolutely irreconcilable, or there is sufficient reason to conclude that the Legislature so intended.

We contend that there is no irreconcilable difference in the election law, and in section 734 of the Civil Code. The only difference is, that the election law cuts down the time within which an appeal may be taken from the lower court.

The election law, relating to contests, does not pretend to be a complete and organic whole. It simply starts the machinery of the courts in motion, and a litigant may call into use any one or more of the code provisions. When once the machinery is started the whole of the machinery is at his service, and the right to sue out an appeal in the court of appeals is a part of it.

We submit that no attempt has been made to make the appeal from the lower court the exclusive one. Adams Express Co. v. City of Lexington, 83 Ky., 657; Beatty v. Commonwealth, 91 Ky., 320.

C. J. & W. W. HELM, FOR APPELLEE.

The power of the Legislature to prescribe the terms on which appeals to the court of appeals may be taken in contested election cases, is so unquestionable and the intent of the Legislature so clear, that such shall be finally determined at the earliest moment consistent with a fair hearing, that we can not believe this court will place a construction on the act that will permit an appeal to be granted by the clerk of this court as in other cases, for if he may grant the appeal, he may do it any time within two years after the rendition of the judgment appealed from.

## AUTHORITIES CITED.

Sec. 12, Election Law of Oct. 24, 1900; Constitution, sec. 110; 127, 153; Kentucky Statutes, sec. 1536, which has been superseded by sec. 12 of the Act of Oct. 24, 1900; Stone v. Berry, 96 Ky., 63-66.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—DISMISSING.

This appeal is prosecuted from a judgment of the Campbell circuit court in a suit by August Helmbold against Wm. F. Krinn, it being brought by the appellee against

Krinn v. Helmbold.

appellant, seeking a judgment declaring that he was elect-
ed to the office of alderman of the city of Newport instead
of the appellant, Krinn.    Judgment was rendered in fa-
vor of appellee, and the appeal granted to this court on the
16th day of April, 1902.    On May 27, 1902, the appellant
filed the record in the case, and obtained an appeal from
the clerk of this court, or at least attempted to do so, ex-
ecuted bond and *supersedeas,* and caused summons to issue.
On the 4th of June thereafter the appellee entered a mo-
tion to dismiss the appeal, to which appellant objected,
and the motion was submitted, and briefed by counsel for
each party.

It is the contention of appellant that he had the right
to file the record with the clerk of this court, and obtain
an appeal after the expiration of thirty days from the
rendition of the judgment, and he seeks to have the same
principle applied to this case as applies to appeals in oth-
er cases which have been granted by the court below, but
not perfected by filing the record in this court within the
time specified, and contends that he may within the time
allowed for appeals, file same with the clerk and obtain
an appeal as in other cases.    The contention of appellee
is that the record must be filed within thirty days from
the rendition of the judgment, and that appeals in such
cases as the one at bar are governed by the act of the
Legislature passed in 1900, and to be found in "Acts of
the special session of the Legislature which was convened
the 28th of August, 1900."    It will be seen, from an ex-
amination of that act, that various provisions were made
requiring and providing for a prompt and speedy deter-
mination of election contests, and after a judgment the
act also provides for the manner and time of taking appeals
to this court.    So much of the act as we deem pertinent

Krinn v. Helmbold.

to this motion reads as follows: "Either party may appeal from the judgment of the circuit court to the court of appeals by giving bond to the clerk of the circuit court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal and by filing the record in the clerk's office of the court of appeals within thirty days after final judgment in the circuit court. And in the court of appeals the case shall be heard and determined as speedily as possible and shall have precedence over all other cases." Acts 1900, Sp. Sess., p. 40. It is not pretended that the record in this case was filed within thirty days from the rendition of the judgment. It seems to us that the act in question is mandatory, and that, unless the appellant complies with the statute, he can not prosecute an appeal from the judgment of the circuit court. It seems to us that the transcript must be filed within the time prescribed by law in order to confer jurisdiction upon this court to hear and determine the matter. We have examined with care the brief of appellant, but deem it unnecessary to discuss the authorities cited, as in our opinion they have no application to the question under consideration. It results from the foregoing that the motion to dismiss the appeal must be sustained.

Appeal is accordingly dismissed.

Whole court sitting.