## Sandefur, et al. v. Stevens, et al.

(Decided October 10, 1922.)

### Appeal from Ohio Circuit Court.

1.  Appeal and Error—Appealable Order.—One cannot appeal from an order wholly in his favor.

2.  Appeal and Error—Drains—Appealable Order.—Where landowners were before the county court when a judgment was rendered ordering the reconstruction of a ditch, and did not object to the judgment or file any exceptions to the viewers' report on which it was

based, no appeal will lie from an order of the county court refusing to set aside the judgment, where the motion therefor was made more than a year after the judgment was rendered.

BARNES & SMITH, A. D. KIRK and C. M. CROWE for appellants.

M. L. HEAVRIN and OTTO C. MARTIN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On November 1, 1919, Fred I. Burns and other landowners filed their petition in the Ohio county court for the reconstruction of a public drain. Viewers were appointed, who filed a report giving the names of the landowners whose lands were affected and favoring the improvement. Among those whose lands were affected were the heirs of Pendleton Ward, deceased. Of these heirs, Betty Ward Miller and Clarence E. Ward were adults. Oscar Ward, Mabel Ward and Archie Ward were infants over fourteen years of age, and Thelma Ward, Zilpha Ward and Hettie Bell Ward, infants under fourteen years of age. On the filing of the viewers' report process was issued, but was not served on the infants until March 27, 1920. Service was had on the infants over fourteen years of age by delivering to each of them a copy of the summons, and on the infants under fourteen years of age by delivering a copy of the summons for each of them "to their mother and natural guardian, Kitty Ward, and she being the person having custody and control of said infants." Before service of process, C. M. Crowe, an attorney, was appointed guardian *ad litem* for the infants. After summons had been served on the landowners, the petitioners filed exceptions to the viewers' report, seeking to bring in other parties who were not included in the report, Summons was issued against these parties, and some of them filed exceptions. On August 18, 1920, all exceptions were withdrawn, and the court entered a judgment confirming the viewers' report as theretofore modified, and ordering the re-establishment of the ditch. The proceeding was then referred to other viewers to report on the classification of the land in the district. Their report was filed and set for exceptions. Thereafter a supplemental report was filed. Exceptions both to the original report and supplemental report were filed.

On March 27, 1921, Loney Sandefur and others, who were adults, and the infant Ward heirs entered a motion to set aside the judgment of August 8, 1920. On April

4, 1921, the court set aside so much of the judgment as affected the infants, but declined to set it aside in so far as it affected the adults who joined in the motion. Thereupon the makers of the motion appealed to the Ohio circuit court. While the case was there, appellants filed a verified petition to make the children and heirs of Jane Delaney parties to the proceeding. The circuit court dismissed the appeal and remanded the case to the county court. From that judgment this appeal is prosecuted.

A motion has been made to dismiss the appeal on the ground that the judgment was rendered on May 9, 1921, and the appeal was not prosecuted within thirty days from that time as required by the statute. It is true that the judgment was entered on May 9, 1921, but it was not signed until the July term, and the transcript was filed within thirty days from that time. We have frequently held that, for the purposes of appeal, a judgment takes effect on the day it is signed, and not on the day it is entered, and that an appeal will not be dismissed if prosecuted within the required time after the judgment is signed. Carroll v. Commonwealth, 164 Ky. 599, 175 S. W. 1043; Interstate Petroleum Co. v. Farris, 159 Ky. 820, 169 S. W. 535. The motion to dismiss the appeal is therefore overruled.

The only question before us is whether the circuit court properly dismissed the appeal from the county court. There can be no doubt that the appeal of the infants was properly dismissed because the order appealed from was wholly in their favor. We think it equally clear that the appeal of the adult appellants in the circuit court was also properly dismissed because the judgment of the county court refusing to set aside the judgment of August 18, 1920, so far as the adult appellants were concerned, was not an appealable order. The statute authorizes an appeal by any person who has filed exceptions or by the petitioners, if they consider themselves aggrieved, but provides that the appeal must be taken within ten days from the rendition of the judgment. Section 2380-5, Kentucky Statutes. The adult appellants in the circuit court were before the county court when the judgment of August 18, 1920, was rendered, and did not object to the judgment or file any exceptions to the viewers' report on which it was based. Having filed no exceptions, and having prosecuted no appeal within the

time fixed by the statute, they could not create a new right of appeal or extend the time for taking an appeal by making a motion a year after the judgment was rendered to set it aside, and prosecuting an appeal from the order of the court refusing to set it aside.

Judgment affirmed.