## Carrs Fork Coal Company v. Scott, et al.

(Decided October 3, 1924.)

### Appeal from Perry Circuit Court.

1.  Master and Servant—Court Without Jurisdiction of Appeal from Award of Compensation where Petition Not Filed in Time.—Circuit court was without jurisdiction of appeal from award of compensation, and Court of Appeals has no jurisdiction, where petition for appeal was not filed within time prescribed by law.

2.  Master and Servant—Appeal from Award of Compensation Held too Late.—A full board award of compensation becomes final immediately upon its entry, while award by less than full board be-

comes final in absence of petition for review by full board after lapse of seven days, and petition for appeal must be filed in circuit court within 20 days after rendition of final award, and a petition for review by full board not filed within 7 days would not extend time for appeal, under Ky. Stats., section 4933-4935.

J. W. CRAFT and HAGAN & MIX for appellant.

EVERSOLE & CAMPBELL for appellees.

OPINION OF THE COURT BY JUDGE O'NEAL—Reversing.

·Appellant, Carrs Fork Coal Company,. prosecutes this appeal from a judgment of the Perry circuit court purporting to affirm an award of the Workmen's Compensation Board against it and in favor of the appellee, Elijah Scott. The correct terms of the award, the legality of the procedure before the board and other questions of like character are sought to be raised on this appeal as they were in the court below. However, that court had no jurisdiction to hear and determine those questions, nor have we, since the record shows that appellant's petition for an appeal to. that court was not filed therein within the time prescribed by law.

In its petition appellant alleges that the board made the award against it on November 21, 1922,· and "that on or· about December 7, 1922, it caused to be filed before said board a motion and application to the board for a review of said award, and subsequent thereto filed an amended motion, asking for a hearing upon the merits of said case, to be held before it at a meeting at Frankfort, and asked and plead for a review of said award pursuant to the provisions of section 51 of the Workmen's Compensation Act."

Section 50 of the act (Kentucky Statutes, section 4933) provides in substance that the board or any of its members may make an award; while section 51 (Kentucky Statutes, 4934) provides that where an award is made by less than a full board either party may demand a full board award by filing an application for a review within seven days from the date of an award made by less than a full board. It follows, therefore, that a full board award becomes final immediately upon its entry, while an award by less than a full board becomes final in the absence of a petition for a review by the full board after the lapse of seven days. Junior Oil Company, et al. v. J. R. Byrd, 204 Ky. 375. Section 52 of the act (Kentucky Statutes, section 4935) provides that an appeal may be

taken from an award under either section 50 or 51 of the act, but specifically states that such appeal shall be filed within twenty days after the rendition of the final order or award. The record shows, and the petition alleges, that the award in the case before us was rendered November 21, 1922, while the petition for a review by the full board was not filed until December 7, 1922, which was not within the seven days as provided by the act, and was therefore too late to have any force or effect. It did not and could not stay the running of the twenty-day period of limitation prescribed by section 52 of the act, within which an appeal from a final award of the board may be prosecuted to the circuit court. Appellant filed its petition for an appeal, as shown by the record, on February 19, 1923, which, of course, was more than twenty days after November 21, 1922, the date on which the award of the board became final; and it therefore follows that appellant's claim was barred by limitation under section 4935, Kentucky Statutes. Manifestly, the court erred in failing and refusing to dismiss the appeal and remand the case to the Workmen's Compensation Board, which will be done upon a return of this case. Wherefore, the judgment is reversed for further proceedings consistent with this opinion.