## J. R. Kirk and Maryland Casualty Company v. Sullivan.

(Decided February 19, 1926.)

Appeal from Mason Circuit Court.

Master and Servant—Claim for Compensation Held Too Late.— Claim for compensation for injury to eye, filed nearly six years after injury complained of and nearly a year and a half after discovery of cause of injury, held too late, under Ky. Stats., section 4914, requiring claim to be filed within year of accident, notwithstanding requirement of section 4987 for liberal construction.

BEVERLY R. JOUETT for appellants.

SLATTERY & REES for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellee, whom we will refer to as the plaintiff, began this action against the appellants, whom we will call defendants, before the Workmen's Compensation Board of Kentucky, which dismissed his application. He petitioned the Mason circuit court for a review of the action of the Workmen's Compensation Board. He was successful, and the defendants have appealed. The Workmen's Compensation Board made the following finding of facts:

"It will be noted that the agreed stipulation of facts sets out that the plaintiff got a small piece of steel shaving in his eye on the 9th day of December, 1917, while drilling a hole through a piece of steel, in the course of his employment, and that he at once notified his employers, who, in turn, notified their insurance carrier; that after December 9th, 1917,

Sullivan was examined and treated by various eye experts, none of whom ascertained the cause of his trouble or discovered a shaving of steel in his eye. Dr. I. A. Lederman, an eye specialist, did not believe that the condition was the result of a traumatic injury, and so advised the defendant.

"On December 25, 1921, four years after the accident, a steel shaving or sliver was removed from plaintiff's eye. From December 25, 1921, to July 3rd, 1923, the plaintiff had full knowledge of the cause of the trouble to his eye. On July 3, 1923, nearly six years after the date of the accident and approximately a year and a half after the sliver of steel was removed from his eye, the plaintiff filed a claim for compensation before the Workmen's Compensation Board. Counsel for the plaintiff seek to stay the statute of limitation because of the fraud perpetrated by the defendants and their doctors on this claimant. The agreed stipulation of facts sets forth 'that between December 9th, 1917, and December, 1922, Thomas Sullivan had said eye examined and treated from time to time by the following physicians: Dr. A. O. Taylor, Dr. R. Loval Samuel, Dr. P. G. Smoot, Dr. W. E. Hord, Dr. J. A. Simpson, Dr. George P. Lambert, all of Maysville, Kentucky, Dr. R. W. Bledsoe, Dr. G. N. Heisel and Dr. James Ryan, all of Covington, Kentucky, Dr. D. T. Vail, Dr. Sidney Lange, Dr. Albert Faller, Dr. H. H. Vail and Dr. Riley, all of Cincinnati, Ohio; that prior to the removal of said eye none of said physicians stated positively whether or not the pain and loss of sight in said eye resulted from an injury.'

"Thomas Sullivan did everything possible to find out the cause of the trouble in his eye. He sought and had the services of the most eminent eye specialists, none of whom found the sliver of steel in his eye. Where is the fraud? Could it be said that this defendant could have influenced the opinions of these eminent eye specialists who were consulted by the plaintiff, to misrepresent and mislead him for the purpose of defeating a claim for $1,200.00? The charge of fraud is so flimsy that this board feels that it is unnecessary to further answer it.

"Whether or not all of these eminent eye specialists were mistaken or the plaintiff got the sliver of steel in his eye subsequent to their examination, is

a matter this board cannot answer. The strange fact remains unanswered, that on December 25, 1921, the plaintiff had a sliver of steel removed from his eye and did not file a claim for compensation until July 30, 1923, a year and a half after the operation. Whatever may have been the cause of the plaintiff's failure to file a claim, from the time he claims to have received the injury down to the time that the sliver of steel was removed from his eye, such cause could not be relied upon from the date of the operation until the date that he did file a claim. He was not in ignorance then as to the cause of his condition.

"The one year statute of limitation from the date of the accident for the filing of a claim for compensation is a provision that is mandatory, and effective unless a fraud has been perpetrated by the defendants' upon the injured employee for the purpose of defeating his claim. This record discloses no fraud. The claimant has slept on his rights while the statute of limitation was running against him. He cannot sleep and expect the compensation board to accept his version of a fraud, which is not based on facts, in order that he might receive compensation."

The Workmen's Compensation Board made the following order:

"The statute of limitation applied hereto and the application filed herein is dismissed because same was not filed within one year after the date of the accident."

This case presents but one question, and that is, did the plaintiff file his application for compensation soon enough? It is admitted that it was not filed until June 3, 1923. The accident happened on December 9, 1917. Section 4914, Kentucky Statutes, is mandatory and controlling. It is suggested that by section 4987 it is provided that this act shall be liberally construed, but to sustain the plaintiff's claim we must do more than construe. We would have to repeal section 4914, and this we can not do. It is evident that plaintiff had a legitimate claim. It is unfortunate that his claim was not sooner asserted.

The judgment is reversed and the cause remanded for consistent proceedings.