## Carnahan Oil & Refining Company v. Miller et al.

(Decided December 10, 1929.)

TRABUE, DOOLAN, HELM & HELM for appellant.

ROLLIN HURT, W. J. CHUMBLEY and O. B. BERTRAM for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

Preston Miller was an employee of the appellant, Carnahan Oil & Refining Company, working at its refinery and its oil fields in Russell county. He lived on the south side of the Cumberland river, and for a few days before and on the day he met his death he was engaged in tearing down and removing a tank on the north side of the river. On the morning of December 7, 1926, he crossed Cumberland river in a small boat belonging to the company and tied it up on the north bank. Late in the afternoon he quit work, and rode a horse with a colaborer to a point not far from where he had tied up his boat. The evidence clearly shows that after he had unfastened his boat he slipped and fell into the water and was drowned. Several weeks later his body was found five miles down the river.

The Workmen's Compensation Board awarded the appellees compensation in accordance with the provisions of the statute. The company filed a petition for review in the circuit court. A motion of the respondents to dismiss the petition because it was not filed in time was overruled, but, on a hearing of the case, the circuit court held that Miller met his death in an accident arising out of and in the course of his employment, and sustained the award. An appeal is prosecuted from that judgment.

Because of the conclusion which the court has reached with respect to the filing of the petition for review, we need not pursue the interesting subject as to whether or not Miller met his death within the meaning of the terms "arising out of his employment" and "in the course of his employment."

The Compensation Board rendered its award on January 15, 1929, and filed it with the record of the proceedings and mailed copies to counsel for the respective parties on that day. The award was thereafter copied in the order book of the board, and, at the next regular meeting of the board on February 5, 1929, it was signed by its chairman.

It is provided in section 4935 of the Statutes, in part, as follows: "An award or order of the board as provided in section 4933, if application for review be not filed as therein provided, or an award or order of the board upon review as provided in section 4934, shall be conclusive and binding as to all questions of fact, but either party may, within twenty days after the rendition of such final order or award of the board, may by petition appeal to the circuit court that would have jurisdiction to try an action for damages for said injuries if this act had not passed for the review of such order or award, the board and the adverse party being made respondents."

The petition for review was filed in the circuit court on February 23d. If the running of time for filing such petition commences with the date the award is made, then the petition in this case was filed too late. If it commences the date the minutes of the board are signed by its chairman (February 5th), then it was in time. Section 4927 provides that all proceedings of the board shall be recorded by the secretary, which proceeding shall include the award, finding, or decision made. Section 4933 provides that "the award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question in issue, shall be filed with the record of proceedings, and a copy of the award shall immediately be sent to the parties in dispute." It will be observed that there is no law requiring that the record of these proceedings in the book shall be signed by its chairman. The provision for appeal is as contained in the foregoing quotation, that the petition

shall be filed "within twenty days after the rendition of such final order or award of the board," and not from the entry on the record book of the award.

It is argued in behalf of appellant that the rule with reference to the entering and signing judgments of a court should apply, and we are referred especially to Sandefur v. Stevens, 197 Ky. 529, 247 S. W. 730, in which it was held that an appeal from a drainage ditch judgment in the county court was in time when filed thirty days from the signing of the judgment, and not from its entry. It is indispensable to the validity of a judgment that it shall be entered in a book provided for that purpose and signed by the presiding judge of the court. Anderson's Committee v. Anderson's Adm'r, 161 Ky. 18, 170 S. W. 213, L. R. A. 1915C 581. But the Workmen's Compensation Board is not a court. It is an administrative body or an agency of the state for the purpose of ascertaining facts. Greene v. Caldwell, Chairman, 170 Ky. 571, 186 S. W. 648, Ann. Cas. 1918B, 604. The provision is not unlike that with reference to primary election contests which require service of notice within five days from the time the election commissioners ascertain who has received a plurality of votes. Section 1550-28, of the Statutes, and the many cases thereunder. The statute does not make it indispensable to the validity of an award that the permanent record thereof should be signed by the chairman of the board. This was recognized in Junior Oil Company v. Byrd, 204 Ky. 375, 264 S. W. 846, when the act was construed as giving the right of appeal to the court from a decision of one member of the board without the necessity for review by the full board.

In Carrs Fork Coal Company v. Scott, 204 Ky. 657, 265 S. W. 19, it is declared that a full board award becomes final "immediately upon its entry." "Entry" was used as synonymous with "rendition," which is the word used in the statute, and a judgment was affirmed which dismissed a petition for review because not filed within twenty days from the date of the award by the board.

In Lena Rue Coal Company v. Brewer, 213 Ky. 327, 280 S. W. 1097, an award was made on February 29th, and a petition for review was filed in the circuit court March 21st, more than twenty days thereafter. This was held too late, although there had been made within

proper time a motion before the board to reconsider its finding and the petition had been filed in the court within twenty days from the order of the board overruling that motion.

In Verda Harlan Coal Company v. Harlan National Bank, 229 Ky. 565, 17 S. W. (2d) 718, 719, it was held that the date "the board entered an order dismissing the case" should control the matter of filing an appeal, for, as stated, "the act done was the rendition of the final order or award of the Compensation Board. The party aggrieved could have filed a petition for review on the same day that the final award was rendered, and it would not have been premature provided it had in fact been filed after the rendition of the award."

Running throughout the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987) is an insistence upon promptness in procedure and in the granting of relief. This limitation of twenty days, like other statutes of limitation, applies with peculiar force upon the right of appeal, which exists only by virtue of the statute. The method of exercising this right of appeal or supervision prescribed by the Legislature is mandatory, and a compliance with this provision of the act is necessary in order to give the circuit court jurisdiction. Not only is this conclusion compelled by the application of general laws respecting limitations of appeal, and the domestic cases cited, but the rule has been enforced in several foreign cases, although the facts are not exactly similar to those in this case. Highfield v. Duffy, 64 Ind. App. 102, 115 N. E. 347; Sciola's case, 236 Mass. 407, 128 N. E. 666; Bloomington, D. & C. R. Company v. Industrial Board, 276 Ill. 120, 114 N. E. 511; Richmond Cedar Works v. Harper, 129 Va. 481, 106 S. E. 516.

It follows, therefore, that, since the circuit court was without jurisdiction to hear and determine the matter, it should have dismissed the petition for review.

This necessitates a reversal of the judgment, with directions to the lower court to do so upon a return of the case.