## Hill v. Consolidated Coal Company et al.

(Decided January 31, 1930.)

FRED HOWES for appellant.

J. E. CHILDERS and EDWARD C. O'REAR for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, S. A. Hill, in July, 1926, filed a claim before the appellee, Workmen's Compensation Board, asking for an award against the Consolidated Coal Company for an injury to his eye claimed to have been received in the course of his employment by the coal company. The board heard the evidence, and on December 20, 1927, entered an order dismissing appellant's claim on the ground that he produced no evidence to sustain it.

On February 28, 1928, the appellant filed a petition in the Johnson circuit court asking for a review of the order of the board. Appellees filed a motion to dismiss the petition for review because it was not filed within the time required by law. Upon a submission of the case on appellees' motion to dismiss the petition for review, the court sustained the motion, and Hill has appealed.

It is alleged in the appellant's petition for review that he has sustained the loss of one eye, and that the injury resulting in such loss occurred while he was engaged in the course of and grew out of his employment with the appellee Consolidated Coal Company; that he was represented before the Workmen's Compensation Board by two different attorneys who became ill and died pending the proceeding, during all of which time appellant was a nonresident of this state. Appellant also alleges in his petition that his last attorney became ill a few months before the order of the board was entered and was unable to perform any of the duties of his employment and died in January, 1928, and that appellant first learned on February 16, 1928, that the award had been rendered; that he had made repeated efforts to communicate with his attorney and ascertain the status of his case, but was unable to do so, but was under the impression that his attorney was representing him in the proceeding. The appellant claims that his petition presented sufficient grounds to entitle him to a review of the board's order of December 20, 1927, on the ground of unavoidable casualty and misfortune.

From the preceding statement of facts it will be seen that the final order of the board was made on December 20, 1927; that the petition for review was filed in the Johnson circuit court on February 28, 1928, or more than 20 days after the rendition of the final award of the board. The question presented for decision is: Was the petition filed in time?

Section 4935, Kentucky Statutes, reads in part:

"But either party may, within twenty days after the rendition of such final order or award of the board, may by petition appeal to the circuit court that would have jurisdiction to try an action for damages for said injuries if this act had not passed, for the review of such order or award, the board and the adverse party being made respondents."

Construing this section in the case of Carrs Fork Coal Company v. Scott, 204 Ky. 656, 265 S. W. 19, this court said:

"Section 52 of the act (Kentucky Statutes, sec. 4935) provides that an appeal may be taken from an award under either section 50 or 51 of the act, but specifically states that such appeal shall be filed within twenty days after the rendition of the final order or award. . . . Appellant filed its petition for an appeal, as shown by the record, on February 19, 1923, which, of course, was more than twenty days after November 21, 1922, the date on which the award of the board became final; and it therefore follows that appellant's claim was barred by limitation under section 4935, Kentucky Statutes."

As appellant's claim was filed more than 20 days after the rendition of the board's order, it follows that his claim was barred by limitation under section 4935 of the Statutes. The 20 days run in all cases from the time an award by the full board is entered. Carnahan Oil & Refining Co. v. Miller, 232 Ky. 78, 22 S. W. (2d) 430; Verda Harlan Coal Company v. Harlan National Bank, 229 Ky. 565, 17 S. W. (2d) 718; Kentucky Wagon Manufacturing Company v. Esters, 221 Ky. 63, 297 S. W. 811; Lena Rue Coal Company v. Brewer, 213 Ky. 327, 280 S. W. 1097; Carrs Fork Coal Company v. Scott, supra. The language of section 4935 of the statutes is mandatory, and courts are without authority to disregard it. It was evidently intended to secure expedition in the review of the decision of the board and to forbid the hearing of such appeals unless taken within the time limited.

Appellant insists, however, that the question of limitations was not properly raised by the motion to dismiss, but should have been raised by a pleading. In Lyttle v. Johnson, 213 Ky. 274, 280 S. W. 1102, it was held that the question of limitations could not be raised by demurrer, but must be presented by an affirmative plea. However, a wide distinction exists between pure statutes of limitation and special statutory limitation qualifying the right of appeal. In the latter instance the question is jurisdictional, and, unless the appeal is taken within the time limited, the appellate court is without jurisdiction and the question cannot be waived. The right to appeal is

purely statutory. The Legislature can determine to what, extent and under what restrictions the right to appeal shall exist. When it grants the right with limitation as to time for taking the appeal, the statutory regulations must be complied with, or the appellate court will be without jurisdiction to entertain the appeal. As said in Murray Motor Company v. Overby, 217 Ky. 198, 289 S. W. 307, 308: .

"When such regulations, including time limitations, are enacted as applicable to a particular remedy or procedure, they are jurisdictional so far as the appellate court is concerned, and necessarily mandatory. McKinster v. Shaffer, 186 Ky. 598, 217 S. W. 676, and Bramblett v. Commonwealth, 199 Ky. 669, 251 S. W. 848. That principle of appellate practice was expressly recognized by us as applicable to the Declaratory Judgment Act in the case of Livingston County et al. v. L. H. & L. D. Adams, 199 Ky. 127, 250 S. W. 811, where the transcript for an appeal from a declaratory judgment was not filed in this court within the sixty days' limit from the time the judgment was rendered, and the appeal was dismissed for that reason."

Circuit courts do not have jurisdiction of cases arising under the Workmen's Compensation Act, except in so far as the act authorizes them to review the awards of the board in cases where a petition for a review is filed within 20 days after the rendition of final order or award by the board. Jurisdiction to review the award is conferred only when the petition for review is filed within the time prescribed. The question being jurisdictional, it was properly raised by the motion to dismiss the appeal. Carrs Fork Coal Company v. Scott, supra; Lady v. Lady, 225 Ky. 679, 9 S. W. (2d) 1003; Johnson v. Johnson, 225 Ky. 681, 9 S. W. (2d) 1004; Carnahan Oil & Refining Co. v. Miller, supra.

Appellant's contention that his petition for review should be treated as a petition in an action to vacate the award of the board under section 518 of the Civil Code of Practice, and that the facts alleged are sufficient to sustain it on the grounds of unavoidable casualty or misfortune, is without merit. An action under section 518 of the Code to vacate or modify a judgment can be

brought only in the court in which the judgment has been rendered. Section 518 reads in part:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it . . . for unavoidable casualty or misfortune, preventing the party from appearing or defending." See Goodman v. Board of Drainage Commissioners, 229 Ky. 189, 16 S. W. (2d) 1036.

Judgment affirmed.