# McIntosh v. John P. Gorman Coal Co. et al.

(Decided Feb. 27, 1934.)

ROY HELM for appellant.
CRAFT & STANFILL for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The John P. Gorman Coal Company, a corporation, on November 16, 1926, was engaged in Perry county, Ky., in mining coal. Clay McIntosh was in its employ. They had accepted the Workmen's Compensation Law (Ky. Stats. sec. 4880 et seq.).

While loading coal he was accidentally killed by the falling of slate. His average weekly wage was $25. His death arose out of and in the course of his employment. He left surviving him a widow, Sybil McIntosh, and his mother, America McIntosh, who was the mother of three children under the age of 16. By the Hazard Bank & Trust Company as her guardian, Sybil McIntosh made application to the Workmen's Compensation Board, on January 13, 1927, for adjusted compensation. On January 27, 1927, the guardian and the John P. Gorman Coal Company filed with the board an agreement for the latter to pay her compensation at the rate of $12 a week. The board by proper order approved their agreement. In accordance with the approved agreement, compensation was paid to her guardian at the rate of $12 a week from the date of McIntosh's death to January 2, 1930, when Sybil McIntosh married and her right as a dependent terminated under section 4894, Ky. Stats. Thereafter on April 4, 1930, America McIntosh, the mother of Clay McIntosh, filed with the Workmen's Compensation Board an application for adjusted compensation, for herself and children, asserting she and her three infant children were dependents of Clay McIntosh at the time he sustained the injury causing his death. Her application was consolidated with that of the Hazard Bank & Trust Company, as guardian for Sybil McIntosh, and docketed for hearing.

A plea of limitation was made by the John P. Gorman Coal Company to the application made by her for herself and children. The board sustained the plea of limitation and dismissed her application. She filed a petition for review in the Perry circuit court (section 4935, Ky. Stats.), within the time fixed by the statute. The circuit court also sustained the plea of limitation and dismissed her petition. Hence this appeal.

The sole question presented is, whether her application is within the inhibition of the statute of limitation, prescribed by the Workmen's Compensation Law (sections 4914 and 4919, Ky. Stats.). It is her insistence the application in her behalf, and her children, is saved by section 4902, Ky. Stats. It authorizes the board upon its own motion, or upon the application of any party interested and a showing of changed conditions, mistake, or fraud at any time, to review an award or order, ending, diminishing, or increasing the com-

pensation previously awarded, or change or revoke its previous order.

Section 4914 deals with an entirely different subject, and applies to and controls an entirely different situation. This section provides a limitation with regard to the original presentation of a claim to the employer and to the board for adjustment and determination. It is mandatory, and, unless a claim is made for compensation by the filing with the board an application therefor within the statutory limit, the claim is barred. Wilburn v. Auto Exchange et al., 198 Ky. 29, 247 S. W. 1109; Carnahan Oil & Refining Co. v. Miller et al., 232 Ky. 78, 22 S. W. (2d) 430; Hill v. Consolidated Coal Co. et al., 232 Ky. 641, 24 S. W. (2d) 261; Ashland Iron & Mining Co. v. Fowler, 208 Ky. 422, 271 S. W. 589; J. R. Kirk, etc., v. Sullivan, 213 Ky. 154, 280 S. W. 925; Johnson v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169; Lockhart's Guardian v. Bailey Pond Creek Coal Co., 235 Ky. 278, 30 S. W. (2d) 955. Section 4902, Ky. Stats. deals with the administration, power, and procedure of the Workmen's Compensation Board, as they concern the applicant for adjusted compensation and those claiming same in privity with the applicant or applicants to whom an award has been granted or refused by the board. The application to reopen the case (section 4902) need not be within the year after the injury. Louisville Milling Co. v. Turner, 209 Ky. 515, 273 S. W. 83.

It may be made thereunder for review at any time within the period for which compensation was allowed for the particular injury, notwithstanding the duration of the original award may have expired or become satisfied by payment or otherwise. Johnson v. J. P. Taylor Co., supra; Louisville Milling Co. v. Turner, 209 Ky. 515, 273 S. W. 83; Beaver Dam Coal Co. v. Hocker, etc., 202 Ky. 398, 259 S. W. 1010. To review the action of the board in revoking an award or refusing to make it, an application therefor, under section 4902, must be made by some party to it or in privity with him. Johnson v. J. P. Taylor Co., supra. An application for review may be made by either of such parties at any time, provided it is not beyond the period for which compensation is allowable. Rex Coal Company v. Campbell, 213 Ky. 636, 281 S. W. 1039.

America McIntosh and her infant children were

neither parties to the award nor a privity in law of the widow. The application of, and the award to, the widow did not inure to the benefit of America McIntosh and her infant children, nor prevent the running of the statute of limitation as to them, as it is prescribed by section 4914. Her application, in behalf of herself and children was in no sense a reopening of the case as authorized by section 4902. It was the original application in so far as she and her children were concerned, and is controlled by section 4914.

The infant children of America McIntosh, for whom she sought, by her application, filed with the board, adjusted compensation, resided with her. At that time she and her husband were not living together, and she claims the children resided with her and she had the custody of them. Section 4909 provides:

"In cases where the dependents are a widow or other head of a family of minor children or one or more minor children, it shall be sufficient for the widow or head of such family to make application for compensation on behalf of all."

Section 4919 declares:

"No limitation of time provided in this act, shall run against any person, who is a minor dependent, so long as he has no committee, guardian or next friend, or other person authorized to claim compensation for him under section 4909 of this act."

In Ashland Iron & Mining Co. v. Fowler, 208 Ky. 422, 271 S. W. 589 and Lockhart's Guardian v. Bailey Pond Creek Coal Co., supra, we considered these two sections. It was our conclusion that section 4909 "can have no other meaning than that the head of the family of minor children, who were dependents was the statutory next friend of the minor children, for the purpose of applying for and obtaining the benefit provided for by the act, and that the limitation prescribed by section 4919 will not be suspended on account of the disability of infancy, where the mother, who is also a dependent of the deceased, may make application for herself and infant children. She is, and must be, regarded as a next friend for the purpose of the Act and in such case the statute of limitation is not tolled by their minority."

The admitted facts bring the claim of America McIntosh and infants within the rule stated in these cases.

Perceiving no error, the judgment is affirmed.