## Great Atlantic & Pacific Tea Co. v. Scanlon.

(Decided Nov. 10, 1936.)

CARROLL & McELWAIN for appellant.

WILSON K. BEATTY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Albert J. Scanlon, on December 14, 1932, was in the employment of the Great Atlantic & Pacific Tea Company when he suffered a fall as the result of which he claims his hearing in one ear became affected. He was sick for three days, then returned to work, and shortly thereafter was discharged. He employed attorneys to represent him in the presentation of his claim for compensation, on account of his injury. One of them wrote a letter to the A. & P. Company demanding the payment of compensation, which resulted in a conference of Scanlon and his attorneys with a representative of the company. No agreement was reached as to his compensation and no compensation was paid him. He claims that the company's representative at that time stated to him that it "would take care of him"; "give him a job."

After his injury, he was examined by a physician who reported to the company that the injury to his ear was very slight. The company paid the physician's charges. In compliance with the statement of its representative, Scanlon was re-employed in January, 1933, and worked until November, 1934, when he was again discharged. His ear still being affected, he renewed his demand to the company for compensation. He was again examined by the same physician when his ear was X-rayed and it was discovered that "practically all of the dorsum, the bones of the incus malleus and about 90% of the fibres of the eighth nerve" had been destroyed. The auditory nerves "were inert, didn't respond to any bond conduction or any stimulus." However, the X-ray showed no fracture. The physician further testified: "The X-ray doesn't show in the middle ear to any extent. It will show the mastoid process which is behind the ear, but it doesn't show much in the middle or inner ear." In his report to the company he stated: "No injury or disease to the skull bones; it doesn't show, can't show the middle ear." He made a report of the condition of the left ear, in which he stated: "The film of the left mastoid shows no evi-

dence of mastoid cell destruction. Marked sclerosis is present and involving the entire mastoid area. These changes are not characteristic of chronic mastoiditis with sclerosis; in other words, it must be due to some injury. No changes were seen around the mastoid that are suggestive of recent or old fracture.''

The hearing in the left ear, while not entirely gone, indicated a few fibers of the eighth auditory nerve are still alive and functioning, which will not enable him to hear. It was the opinion of the physician that the condition of his ear was caused by the injury sustained by him at the time he fell in 1932.

The company declined to recognize his claim for compensation, which he presented to the Workmen's Compensation Board on its Forms No. 7 and 11, on the 17th day of January, 1935. The company in its answer filed with the board pleaded the Statute of Limitation of One Year (Ky. Stats. sec. 4914), alleging that ''no claim for compensation had been filed with the board within one year from the date of the accident,'' and that ''his claim was barred by limitation.'' In his reply to avoid the statute of limitation he pleaded ''that by mistake and change of condition and by fraud, the rights of this plaintiff by the representations of the company's servants, agents and employees, he did not assert a claim for compensation before the workmen's compensation board until the filing of this action.'' By agreement these allegations were controverted of record. It was agreed before the board ''that both the employer and employee were acting under the provisions of the Workmen's Compensation Act [Ky. Stats. sec. 4880 et seq.]; that Scanlon was in the employ of the company at the time of the accident, and that due and proper notice of the accident was given it.'' The Workmen's Compensation Board on the evidence adduced by the parties, on November 7, 1935, awarded Scanlon compensation at the rate of $2.58 per week for 335 weeks.

Scanlon testified that at the conference of himself, his attorneys, and the representative of the company, its representative stated and represented to him that he had three years in which to present his claim for compensation and he relied on this statement. The evidence in favor of the company strongly contradicts his testimony in this respect. The Workmen's Compensation Board prepared and filed a written opinion as a part of

its award, which discloses that it accepted Scanlon's testimony bearing on this question and concluded that the statement and representations of the representative of the company estopped it from relying on the statute of limitation. Its finding in this respect was one of fact. And while, if we were permitted to review the evidence for ourselves in such case, our conclusion might differ from that of the board on this finding of fact, we are precluded from substituting our judgment thereon for that of the board.

Prior to the time Scanlon sustained his injury and presented his present claim for compensation to the company, and before he filed his claim with the board, we had construed section 4914, Kentucky Statutes, as fixing the limitation of one year from the happening of the accident for the filing of a claim before the board by an injured employee and that such application if made after the expiration of that time should be disallowed because filed too late, unless there was some legal excuse for the delay. Ashland Iron & Mining Co. v. Fowler, 208 Ky. 422, 271 S. W. 589; J. R. Kirk et al. v. Sullivan, 213 Ky. 154, 280 S. W. 925; Johnson v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169; Carnahan Oil & Refining Co. v. Miller, 232 Ky. 78, 22 S. W. (2d) 430; Hill v. Consolidated Coal Co., 232 Ky. 641, 24 S. W. (2d) 261; Lockhart's Guardian v. Bailey Pond Creek Coal Co., 235 Ky. 278, 30 S. W. (2d) 955; McIntosh v. John P. Gorman Coal Co., 253 Ky. 160, 69 S. W. (2d) 7.

It is an accepted rule that, when a statute has been construed by the highest court having jurisdiction to pass upon it, such construction is as much a part of the statute as if plainly written in it. McChesney v. Hager, 104 S. W. 714, 31 Ky. Law Rep. 1038; Erpenbeck v. City of Covington, 253 Ky. 233, 69 S. W. (2d) 338.

On the authority of 6 R. C. L. 444; Gelpcke v. Dubuque, 1 Wall. 175, 17 L. Ed. 520; Brinkerhoff-Faris Trust & Savings Co. v. Walter O. Hill, 281 U. S. 673, 50 S. Ct. 451, 74 L. Ed. 1107, it argues that to follow herein the opinion in the Cooper Case (Scott Tobacco Co. v. Cooper), 258 Ky. 795, 81 S. W. (2d) 588, is in effect the giving a retroactive effect to our opinion therein, thus violating its constitutional rights. It insists that the situation is the same as if the legislature had actually amended the law and the principles above stated should be applied with equal force.

The rule is, where a former decision is overruled the judges do not pretend to make a new law, but to vindicate the old one from misrepresentation. "For," as said by Blackstone, "if it be found that the former decision is manifestly absurd or unjust, it is declared, not that such a sentence was *bad law*, but that it was *not law;* that is, that it is not the established custom of the realm, as has been erroneously determined." 1 Com. 70. Landers v. Tracy, Judge, 171 Ky. 657, 188 S. W. 763, 765.

The foregoing rule is subject to the exception that the last decision of a court overruling a previous one will not be permitted to impair the obligation of contracts entered into, or rights acquired, in reliance on the earlier decision. The company's right to rely upon the statute of limitation is not within the category of this exception. Douglass v. Pike County, 101 U. S. 677, 25 L. Ed. 968; Oliver Co. v. Louisville Realty Co., 156 Ky. 628, 161 S. W. 570, 51 L. R. A. (N. S.) 293, Ann. Cas. 1915C, 565.

The company argues that when the whole of the evidence is regarded, there was a failure to agree within the opinion of the Cooper Case at the time of the meeting of Scanlon, his counsel, and the representative of the company; and therefore the statute of limitation, as stated and applied in it, bars Scanlon's right to recover compensation.

The evidence heard by the board was sufficient to satisfy its mind that there was no failure to agree, within the meaning of the Cooper Case, and that the company was precluded from relying on the statute of limitation because of its representations to Scanlon. And there being some evidence to sustain this finding of the board on this issue, we are deprived of the power to nullify its award, on the facts, bearing on it. The fact that Scanlon later signed a gratuitous release is immaterial.

Wherefore, the judgment is affirmed.