## Department of Highways v. Matney et al.

April 24, 1942.

Hubert Meredith, Attorney General, and William Hayes, Assistant Attorney General, for appellant.

Wheeler & Wheeler, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellee, J. H. Matney, while an employee of the State Highway Department, sustained an injury as the result of an accident arising out of and in the course of his employment. He was awarded total permanent

disability compensation by a full board award of the Workmen's Compensation Board on June 4, 1940.

On July 26, 1940, an appeal from the award was filed in the Johnson circuit court. On August 5, 1940, appellee filed in the circuit court a number of pleadings, including special and general demurrers, answer to the petition for review and a motion to dismiss the appeal on the ground that it was not filed in the circuit court within twenty days after the rendition of the award as required by Section 4935, Kentucky Statutes. The circuit court did not rule on the demurrer and motion to dismiss but affirmed the award on its merits and entered judgment accordingly. This appeal is from that judgment.

It is contended by appellee that the circuit court should have sustained his motion to dismiss the appeal taken to that court, which action would have had the same effect as the affirmance of the award on its merits, and that therefore we should affirm the judgment. Appellant contends, however, that by filing other pleadings in the circuit court at the same time the motion to dismiss the appeal was filed appellee entered his appearance to the appeal. Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524, cited by appellant, sustains this contention. Without citation of authority or discussion of the question it was said appearance was entered by filing answer to the merits without objection or motion to dismiss the appeal. However, we find that case to be out of harmony with prior and later cases in this court.

As far back as Krinn v. Helmbold, 113 Ky. 759, 68 S. W. 1103, it was held that an appellate court was without jurisdiction to entertain an appeal not filed within the time provided by statutes. Some of the later cases confirming this rule are: Murray Motor Co. v. Overby, 217 Ky. 198, 289 S. W. 307; Moore v. Lee Court Realty Co., 240 Ky. 835, 43 S. W. (2d) 45; and La Crosse v. City of Ludlow, 231 Ky. 625, 21 S. W. (2d) 1003. In the latter case motion was made to dismiss an appeal in a declaratory judgment suit not filed in this court within the time permitted by statute. It was there contended, as is contended by appellant in the case before us, that appellee had entered appearance to the appeal by agreeing to an extension of time for filing briefs. It was held that the filing of the record within the time provided by

statute was jurisdictional and that failure to file the appeal in time could not be waived.

Coming now to the specific type of appeal under consideration, we find that it has been frequently held by this court that the provision of Section 4935, requiring an appeal from an award of the Workmen's Compensation Board to be taken to the circuit court within twenty days after the rendition of the award, is mandatory and if not complied with the circuit court acquires no jurisdiction to entertain the appeal. Carrs Fork Coal Co. v. Scott, 204 Ky. 656, 265 S. W. 19; Carnahan Oil & Refining Co. v. Miller, 232 Ky. 78, 22 S. W. (2d) 430; Hill v. Consolidated Coal Co. et al., 232 Ky. 641, 24 S. W. (2d) 261, 262. In the latter case it was contended that the question of failure to file the appeal in time could be raised only by a pleading to that effect and not by a motion to dismiss. In denying that contention we said:

"However, a wide distinction exists between pure statutes of limitation and special statutory limitation qualifying the right of appeal. In the latter instance the question is jurisdictional, and, unless the appeal is taken within the time limited, the appellate court is without jurisdiction and the question cannot be waived. The right to appeal is purely statutory. The Legislature can determine to what extent and under what restrictions the right to appeal shall exist. When it grants the right with limitation as to time for taking the appeal, the statutory regulations must be complied with, or the appellate court will be without jurisdiction to entertain the appeal."

Under the authorities cited it is clear that the appellee did not enter his appearance to the appeal in the circuit court. His motion to dismiss the appeal should therefore have been sustained. If this motion had been sustained and the appeal dismissed, the effect of such action would have been substantially equivalent to the judgment of affirmance in the circuit court. Accordingly, that judgment is affirmed.