Victoria KENDRICK et al., Appellants,

v.

:Clyde FIELDS, Doing Business as Hyfi Coal
Company et al., Appellees.

Court of Appeals of Kentucky.

Oct. 2, 1964.

Rehearing Denied Dec. 18, 1964.

V. R. Bentley, Pikeville, for appellants.

Baird & Hays, Pikeville, for appellees.

MONTGOMERY, Judge.

The Workmen's Compensation Board denied Victoria Kendrick et al. relief on December 3, 1963. A petition for review was filed on January 20, 1964. This petition, as amended, was dismissed because it had been filed more than twenty days after the Board's order had been made. On appeal Victoria Kendrick et al. say that no copy of the Board's order was ever received, and urge other grounds for reversal, which are not considered.

KRS 342.275 provides that " * * * a copy of the award shall immediately be sent to the parties in dispute." KRS 342.285 governs the taking of an appeal from the Board's award to the circuit court and provides that " * * * either party may, within twenty days after the rendition of such final award or order of the board, by petition appeal to the circuit court * * *."

The language of the statute is plain as to the time in which to appeal. The time within which a petition for review must be filed is mandatory, and if it is not complied with the circuit court acquires no jurisdiction. Carnahan Oil & Refining Company v. Miller, 232 Ky. 78, 22 S.W.2d 430; Department of Highways v. Matney, 290 Ky. 440, 161 S.W.2d 617. See Commonwealth Dept. of Highways v. Crutchfield, Ky., 365 S.W.2d 102, for computation of time.

Appellants sought to avoid the rule by showing that neither they nor their attorney had been notified of the order immediately after its rendition. On this factual issue, the court found that neither petitioners nor their counsel had received a copy of the order, and further found that the order of the Board, dated December 3, 1963, had been mailed immediately by the Board to counsel for the petitioners and that this met the statutory requirements. The petition was then dismissed as having been filed too late.

Under Jones v. Davis, 246 Ky. 293, 54 S.W.2d 681, appellants argue that the failure to receive the notice excuses them. Jones v. Davis does not so hold. It does say that it is presumed that the Board discharged its statutory duty and that a party cannot be deprived of an appeal by a failure of the Board to discharge such duty, but in this case, on testimony heard by the court, it was found that the Board had performed its statutory duty.

Judgment affirmed.