# Lexington Ry. System v. Lexington Cab Co. et al.

Dec. 17, 1940.

Chester D. Adams, Judge.

Henry T. Duncan and D. L. Pendleton for appellant.

Harry B. Miller, Hunt, Bush & Lisle and William A. Minihan for appellees.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

The Lexington Railway System brought this action against the Lexington Cab Company and the city of Lexington to test the validity of ordinance No. 623 of the city of Lexington, which grants to the Lexington Cab Company the right to operate buses over the route known as the Georgetown-Main street route. The action was brought under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq.

It appears that the Lexington Railway System, a corporation, acquired by purchase the electric street railway system in the city of Lexington, previously owned and operated by the Kentucky Traction & Terminal Company, and had a franchise to operate buses over the Georgetown-Main street route. It was alleged in the petition that ordinance No. 623 was invalid because it attempted to grant the franchise or privilege of operating buses over the Georgetown-Main street route without advertisement or sale thereof, as required by Section 164 of the Constitution and Section 3068 of the Statutes, and that plaintiff had suffered loss of revenue by reason of the illegal operation of buses in direct competition with its buses over the same route. Plaintiff prayed for a declaration of the rights of the parties; that ordinance No. 623 be declared void; that the defendant, Lexington Cab Company, be enjoined from continuing the operation of its buses over the Georgetown-Main street route, and that it be required to account to the plaintiff for all revenues derived by it from the operation of its buses over said route. The circuit court sustained the Lexington Cab Company's demurrer to the petition. In a written opinion made a part of the record, the circuit judge stated that ordinance No. 623 did not provide for the granting of an additional franchise, but was merely regulatory of the franchise theretofore granted to the Lexington Cab Company by ordinance No. 303. The order sustaining the demurrer was entered February 27, 1940, and at the same time plaintiff, on its motion, was granted leave to file an amended

petition within two weeks from that date. On March 9, 1940, it filed an amended petition in which it set out the provisions of an act of the General Assembly of Kentucky, being Chapter 363 of the Acts of 1887-88, which had been referred to in the petition. On March 16, 1940, the Lexington Cab Company's demurrer to the petition as amended was sustained, and, the plaintiff having declined to plead further, it was adjudged that its petition be dismissed. The plaintiff objected and excepted, and prayed an appeal to the Court of Appeals which was granted. On July 1, 1940, 106 days after the final judgment was rendered, the plaintiff filed a motion to extend the time for taking and perfecting its appeal to the Court of Appeals for a period not to exceed 120 days from the 16th day of March, 1940, the day upon which the judgment of the circuit court became final. The circuit judge sustained the motion and granted the extension requested, although he expressed grave doubt as to his authority to grant an extension after the expiration of the sixty-day period provided by the Declaratory Judgment Act for perfecting an appeal. A transcript of the record was filed in the office of the clerk of the Court of Appeals July 8, 1940, and the appellees have filed a motion to dismiss the appeal on the ground that this court is without jurisdiction to entertain it.

In construing the provisions of the Declaratory Judgment Act, it has been held, without exception, that an appeal must be taken within sixty days after the final judgment is entered in the circuit court. At the expiration of the sixty-day period, the courts are without jurisdiction to set aside, modify or alter in any respect the declaratory judgment which has become final. This is only an affirmation of the plain terms of the Act. Section 639a—5 of the Civil Code of Practice reads:

"Any party aggrieved by a declaratory judgment, order or decree, rendered in the circuit court, may within sixty days after such judgment, order or decree has become final, unless the time be extended by the court, but in no event in courts of continuous session beyond 120 days from the time that such judgment, order or decree became final, and in other courts beyond a day in the succeeding term to that in which the judgment, order or decree became final; take and perfect an appeal to the

Court of Appeals in the manner now provided by law for appeals. Such appeal shall be at once docketed in the Court of Appeals, and may be advanced for immediate hearing and submission. The Court of Appeals shall prepare proper rules as to arguments and briefs applicable to cases brought before it under this Act, and advanced as above prescribed.

"Should the party aggrieved not take and perfect an appeal to the Court of Appeals, within the time above provided, the declaratory judgment, order or decree, shall become final, and no appeal or proceeding to modify or reverse shall thereafter be allowed."

In Clay County v. Sizemore, **278 Ky. 120, 128 S. W.** (2d) 556, 557, we said:

"We have held in a long line of decisions in construing this section that its provisions are jurisdictional and mandatory so far as this court is concerned, and that an appeal must be dismissed where the transcript is not filed in this court within sixty days after the rendition of the judgment in the circuit court unless the time be extended as provided in Section 5 of the Act. Moore v. Lee Court Realty Company, 240 Ky. 835, 43 S. W. (2d) 45; Ohio-Kentucky Coal Company v. Auxier, 239 Ky. 442, 39 S. W. (2d) 662; La Crosse v. City of Ludlow, 231 Ky. 625, 21 S. W. (2d) 1003; Johnson v. Johnson, 225 Ky. 681, 9 S. W. (2d) 1004; Murray Motor Company v. Overby, 217 Ky. 198, 289 S. W. 307."

It is appellant's contention, however, that the sixty-day period provided by the Act for taking and perfecting an appeal is not the period within which an extension of time for taking and perfecting an appeal must be granted. It is argued that the Act, if liberally construed, does not limit to the sixty-day period the circuit court's authority to grant an extension of time for perfecting an appeal, but permits the court, in its sound discretion, to grant such an extension upon an application made at any time within the 120-day period. The Act plainly means that an appeal must be perfected within sixty days after the declaratory judgment is rendered, or an extension of time for perfecting an appeal must be granted within that period. Otherwise, jurisdiction of the case is lost. If an extension is granted,

it can be "in no event in courts of continuous session beyond 120 days from the time that such judgment, order or decree became final, and in other courts beyond a day in the succeeding term to that in which the judgment, order or decree became final." This provision for an additional period of time merely fixes the limit to which the time for perfecting an appeal may be extended. The statute means that the aggrieved party must perfect his appeal within sixty days after entry of the judgment unless within that period the time is extended by the court. The statute limits any extension in a court of continuous session to an additional period of sixty days. This is not a limited or strict construction of the language of the Act, but is in harmony with the manifest purpose of the Legislature. The construction contended for by appellant, if adopted, would practically nullify the provision for the sixty day period after the entry of the declaratory judgment for perfecting an appeal. Analogous cases construing other sections of the Code governing appeals are: Ely's Adm'r v. Louisville & N. R. Co., 276 Ky. 815, 125 S. W. (2d) 742; Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. (2d) 893; Kudelle v. Vizzard Inv. Co., 194 Ky. 604, 240 S. W. 54; Medcalf v. Com., 84 Ky. 485, 1 S. W. 878. These cases, and others cited therein, hold that an application for an extension of time to file transcript or bill of exceptions must be made before the expiration of the original time allowed for filing. Otherwise, the application comes too late, and the court is without jurisdiction to grant it.

Appellant finally insists that the judgment which merely dismissed the petition was not a declaratory judgment and therefore the Code provisions as to appeals generally should apply. In their reply brief appellees assume that appellant's argument is that the suit was not brought under the Declaratory Judgment Act. We do not so understand the argument. In appellant's brief on the merits it is said: "This suit was brought under the Declaratory Judgment Act." The record shows that throughout the proceedings the litigants and the court treated the suit as one for the declaration of the rights of the parties. Appellant's argument is that the judgment failed to make a declaration of rights and therefore the time fixed by the Declaratory Judgment Act for perfecting an appeal should not apply. The court, however, did make a declaration of

rights. The orders of February 27, 1940, and March 16, 1940, must be considered together. The order entered February 27, 1940, reads:

"This cause having been heretofore submitted on the general demurrer of the defendant, Lexington Cab Company, to the petition, and the Court being advised, now hands down a Written Opinion which the Clerk is directed to note of record and to make a part of the record.

"The Court having announced his conclusion in said written opinion, that Ordinance No. 623 referred to in the petition is a valid exercise of power by the Commissioners of the City of Lexington, it is now ordered that the general demurrer filed to the petition by the defendant, Lexington Cab Company, be, and the same now is hereby sustained, to which ruling the plaintiff objects and excepts.

"On motion of plaintiff, leave is granted to the plaintiff to file an Amended Petition herein, within two weeks from the date of this order."

The order itself made a declaration of rights and the written opinion referred to therein and made a part of the record discussed at length the issues presented by the pleadings and gave the court's conclusions on all of them. The opinion concludes as follows:

"For the reasons herein given the Court is of the opinion that the City had the right to enact Ordinance No. 623, and the demurrer to the petition should be sustained.

"Counsel will prepare an order in conformity herewith, and the Clerk will make this opinion a part of the record."

At the plaintiff's request the petition was not dismissed and it was given time to file an amended petition. The court concluded that the amended petition added nothing to the case, and on March 16, 1940, entered the order dismissing the petition as amended. This order merely confirmed and made final the order of February 27, 1940. It was unnecessary to repeat and record again the declaration of rights theretofore made.

The motion to dismiss the appeal is sustained, and the appeal is dismissed.