**BOWLES et al. v. STILLEY'S EX'R et al.**

Court of Appeals of Kentucky.

Jan. 23, 1953.

J. Brandon Price, Paducah, for appellants.

Henry H. Lovett, of Lovett & Lovett, Benton, Adrian H. Terrell, Paducah, for appellees.

STANLEY, Commissioner.

The case is submitted on the appellees' motion to dismiss the appeal because it was filed too late. The judgment was entered on January 15, 1952, but its efficacy was suspended by a timely motion to set it aside because of the death of one of the plaintiffs. The judgment did not become final until June 2, 1952. The appeal was filed December 8, 1952.

The petition set up the right of the plaintiffs as transferees of Mary Liles, a life tenant devisee of Solon L. Palmer, deceased, to certain stock dividends of the Citizens Savings Bank of Paducah. It appropriately stated the existence of an actual controversy between the plaintiffs and the defendants concerning the ownership of this stock and asked for a declaration of rights and judgment of ownership. The plaintiffs further prayed that the bank be mandatorily required to issue certificates of stock to them. The defendants, Palmer's devisees or heirs as remaindermen and the bank, filed an answer, counterclaim and cross-petition. They admitted there was a controversy and denied the material allegations of the petition as to ownership of the stock. In a number of separate paragraphs they fully set up their own causes of action. They claimed the stock dividends, questioned the validity of the transfer of the stock by Mary Liles, pleaded her presumptive death through absence from the state for seven years, and sought a certain construction of Palmer's will. They brought into the case an additional party, the Bank of Benton, which was in no way concerned with plaintiffs' action. In short, the defendants' pleading raised issues quite independent of the plaintiffs' claims although arising out of the subject matter of the petition. It did not ask for a declaration of rights but prayed affirmative relief only, concluding the prayer, "for all general, proper and equitable relief to which these defendants may appear entitled." It set forth in conventional form a straight-out suit in equity with no indication of an intention to make of it a cross-action under the Declaratory Judgment Act. The case was practiced as a suit in equity. The judgment recites that the action was properly brought under the Declaratory Judgment Act, but only adjudges plaintiffs to be the owners of the stock dividends and mandatorily orders the defendant, Citizens Savings Bank, to issue certificates accordingly. There is no declaration as to any right of the defendants, either negative or affirmative.

■ An appeal from a declaratory judgment must be perfected within sixty days after it becomes final unless the court within that period extends the time. Otherwise, this court is without jurisdiction. Sec. 639a–5, Civil Code of Practice. Lexington Railway System v. Lexington Cab Co., 284 Ky. 786, 146 S.W.2d 26. The question is whether or not this action ceased to be one for a declaratory judgment.

■ Although the statute does not provide for a counterclaim or cross-petition, it does not preclude the defendant from setting up his side of the controversy and securing coercive relief. Jefferson County ex rel. Coleman v. Chilton, 236 Ky. 614, 33 S.W.2d 601; George v. George, 283 Ky. 381, 141 S.W.2d 558; Gray v. Defa, 103 Utah 339, 135 P.2d 251, 155 A.L.R. 495.

■ A true declaratory judgment proceeding does not involve executory or coercive relief for it is to determine legal rights before one person has wronged another. Our statute, in common with the Uniform Act, authorizes the parties to ask for a declaration of rights, either alone or with other relief, and recognizes the authority of the court to grant consequential relief in connection with declaring the rights. Sec. 639a–1, Civil Code of Practice. Where the case does involve such relief, it is close to being an equitable proceeding of a character long recognized before the enactment of any modern declaratory judgment statute. The difference between that kind of a declaratory judgment action, that is one in which the declaration does not stand alone and executory process is asked or follows as of course, and a regular case in equity, is of no practical effect, except in the former there is a degree of informality and greater expedition towards disposition. Sec. 639a–5, Civil Code of Practice.

Here we have to start out with a petition in the nature of a conventional suit in equity, followed by a counterclaim and cross-petition that is such a suit, unqualified either in form or substance. The Missouri Supreme Court holds that where a cross-bill of complaint asks only equitable relief, a suit for declaratory judgment is thereby converted into a suit in equity. Liberty Mutual Insurance Co. v. Jones, 344 Mo. 932, 130 S.W.2d 945, 125 A.L.R. 1149;

J. E. Blank v. Lennox Land Co., 351 Mo. 932, 174 S.W.2d 862.

■ We have observed through the years that often a suit for a declaration of rights, presenting no complicated issues of fact, develops through the interjection of new issues into a case which as a matter of necessity is practiced, tried and adjudicated as a regular suit in equity. Such is the instant case. The real issues and the evidence taken thereon, were those raised by the counterclaim and cross-petition. The plaintiffs seem to have concurred in the conversion of the suit and joined in the pursuit of a judgment in accordance with customary procedure of a regular suit in equity. Having done so, they, as appellees, ought not be permitted to disclaim their course of action and thereby deprive their defeated adversaries of the right to be heard on appeal. We had a similar situation in Continental Insurance Co. v. Riggs, 277 Ky. 361, 126 S.W.2d 853, 855, 121 A.L. R. 1421. In overruling a motion to dismiss the appeal of one of the parties because it had not been perfected within the sixty-day limit, we observed that the purpose of the Declaratory Judgment Act is to make the courts more serviceable in the settlement of controversies, that it is to be liberally interpreted and administered and "should not be used as a technical bar to the administration of justice."

The motion to dismiss the appeal also submits as a ground that the appeal was not filed within twenty days before the commencement of the second term of this court, as is required by Sec. 738, Civil Code of Practice. This rests on the idea that the judgment became final on January 15, 1952, and not on June 2, 1952, as we have stated early in this opinion that it did. That being our conclusion, this ground for dismissal must also fail.

The motion to dismiss the appeal is overruled.