Kenneth R. **ERWIN**, Jr., Appellant

v.

Sandra A. **CRUZ** (Now **Bullington**), Appellee.

No. 2013–CA–001027–ME.

Court of Appeals of Kentucky.

Jan. 31, 2014.

Kenneth R. Erwin, Jr., Louisville, KY, Pro se.

No Brief for Appellee.

Before COMBS, DIXON, and VANMETER, Judges.

### OPINION AND ORDER

VANMETER, Judge:

Kenneth R. Erwin, Jr. appeals from the Allen Circuit Court order denying his mo-

tion to vacate the Domestic Violence Order ("DVO") entered against him. For the following reasons, we dismiss this appeal as untimely filed.

Sandra Cruz, now Sandra Bullington, filed for an Emergency Protective Order ("EPO") on October 2, 2011, requesting that the court restrain Erwin from any further contact with her. The petition for EPO stated that Bullington no longer wished to have contact with Erwin, but she feared Erwin would turn violent if she asked him to leave. Bullington also noted in the petition that she was expecting Erwin's child.

The court issued an EPO the same day, and also issued a summons ordering Erwin to appear at a hearing on October 4, 2011. At that hearing, Bullington testified that on October 2, 2011, she was fearful of Erwin. Bullington stated that Erwin had been violent toward her in the past, once biting her along her jaw line and once pressing his arm to her neck. Bullington claimed that Erwin had also threatened the lives of her and her family. At the time of the hearing, Bullington was pregnant, and she testified that Erwin was the father of her unborn child. As permitted by KRS[1] 403.741, the trial court considered Erwin's criminal history in making its decision, which included a history of violent crimes. The trial court concluded that issuing a DVO against Erwin was proper and entered the DVO on October 4.

Under its terms, Erwin was restrained from committing any further acts of violence or abuse, prohibited from any future contact or communication with Bullington, and ordered to stay at least 300 feet from Bullington at all times, except for court appearances.

On October 10, Bullington filed a motion to vacate the DVO, which was noticed to be heard on October 18. During the interim, Bullington and Erwin's child was born on October 14, 2011.[2] Unfortunately, Erwin was incarcerated for violating the DVO by visiting Bullington in the hospital after the birth of the child. This violation of law also resulted in a parole violation, and the parole board ordered Erwin to serve out the full term of his sentence.[3] Upon hearing the motion to vacate the DVO, on November 1, 2011, the trial court granted in part only to amend the order to allow Erwin to have supervised visitation with his child. Erwin did not appeal the entry of the original DVO or this amendment.[4] We note that Erwin was present at both the October 4 and November 1 hearings.

On May 2, 2013, Erwin filed a motion to vacate the DVO pursuant to KRS 403.750. After a hearing on May 14, at which Erwin apparently participated by telephone, the trial court denied the motion by entering on its docket sheet, "Respondent's motion to 'vacate' the domestic violence order

---

1. Kentucky Revised Statutes.

2. The record is not clear on the birth date of the child, but it certainly occurred between Bullington's filing of the motion to amend/vacate on October 10, and the entry of the amended DVO on November 1.

3. Erwin attaches to his brief his Special Supervision Report from the Division of Probation and Parole. According to this document, Erwin was charged with, and pled guilty to, misdemeanor charges of Violation of EPO/ DVO and Promoting Contraband 1st Degree. In addition, Erwin was charged with leaving his area of supervision without permission of his probation officer. As a result of these violations, the Kentucky Parole Board ordered a "serve out" of Erwin's three-year Sex Offender Conditional Discharge.

4. The record discloses a number of motions, correspondence and orders relating to visitation, paternity testing and other matters, none of which is germane to the present appeal.

herein pursuant to KRS 403.750 is denied." Erwin now appeals.[5]

Erwin claims that the trial court erred in issuing the DVO, and later, refusing to vacate the DVO upon Bullington's and his motions. Erwin's arguments concern the issuance of the EPO/DVO and the time period before November 1, 2011, when the trial court issued its first amended DVO. His arguments are that (1) the court erred in issuing the DVO because (a) the evidence presented at the hearing did not amount to "domestic violence" as defined in KRS 403.720(1), and (b) Bullington was ineligible to petition the court for an EPO/DVO since she was not a "member of an unmarried couple" as required by KRS 403.725(1); (2) Bullington defrauded the court by seeking the DVO for an improper purpose, and thus the DVO should be vacated; and (3) the trial court erred in denying Erwin's and Bullington's motions to vacate the DVO.

 Before addressing Erwin's substantive arguments, we must first determine whether this court has jurisdiction to consider his appeal. Appellate jurisdiction may not be invoked by waiver, or consent of the parties. *See Moore v. Lee Court Realty Co.*, 240 Ky. 835, 43 S.W.2d 45 (1931). The filing of a notice of appeal within the time prescribed by the rule is mandatory and jurisdictional. *Burchell v. Burchell*, 684 S.W.2d 296, 299 (Ky.App. 1984). This court, therefore, lacks the requisite jurisdiction to entertain an appeal unless the notice is seasonably filed.

At first blush, Erwin appears to appeal from the order entered on May 14, 2013. This order denied his "Motion to Amend Domestic Violence Order Pursuant to KRS

403.750(3)." This statute simply provides that "[u]pon proper filing of a motion, either party may seek to amend a domestic violence order." Since domestic violence proceedings under KRS Chapter 403 are statutory proceedings created by the legislature, "it is implicitly within the ability of the General Assembly to limit or prohibit the use of post-judgment motions...." *Hibberd v. Neil Huffman Datsun, Inc.*, 791 S.W.2d 726, 728 (Ky.App.1990).

If the legislature can limit or prohibit the use of post-judgment motions in statutory proceedings, it also has the power to expand the use of such motions. An expanded use of post-judgment motions makes much sense in the area of domestic relations, owing to the intensely personal and frequently ongoing nature of such relationships, especially those involving children, with attendant custody and visitation issues. That the legislature intended to expand post-judgment motions seems clear by its not imposing a time limit on the filing of such motions.

Notwithstanding that domestic violence proceedings are special statutory proceedings, the civil rules unambiguously state that "[t]hese Rules govern procedure and practice in all actions of a civil nature in the Court of Justice except for special statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules." CR[6] 1(2). The legislature did not specify the time period for filing appeals in domestic violence proceedings. Thus, a reasonable conclusion is that appeals from the issuance of DVOs are required to be filed within 30 days. CR 73.02; *see Stinson v. Stinson*, 381

---

**5.** Bullington has not filed a brief with this court. Under these circumstances, the provisions of Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) permit the panel to reverse the trial court's order if the appellant's brief reasonably appears to support such a result. We do not believe Erwin's brief justifies the reversal he seeks.

**6.** Kentucky Rules of Civil Procedure.

S.W.3d 333, 336 (Ky.App.2012) (holding that appellant was precluded from contesting evidentiary basis leading to DVO entry since he had failed to file appeal from entry of original DVO when he had opportunity to do so).

In this case, Erwin's motion filed on May 2, 2013 was styled as a "Motion to Amend Domestic Violence Order Pursuant to KRS 403.750(3)." However, Kentucky courts have emphasized that substance prevails over form. *See McCollum v. Garrett,* 880 S.W.2d 530, 533 (Ky.1994) (court noting that "a pleading [should] be judged according to its substance rather than its label or form[ ]"); *V.S. v. Cabinet for Human Res.,* 706 S.W.2d 420, 425 (Ky.App. 1986).

As noted, the original DVO was entered on October 4, 2011, and the amended DVO was entered on November 1, 2011. On appeal, every argument or factual assertion made by Erwin relates to the parties' actions or the state of their relationship on or prior to November 1, 2011. While any argument or factual assertion which arose after that date arguably could be the basis of a motion to amend the DVO, over which we would have jurisdiction, that is not the case here. If Erwin had wished to challenge the issuance of the original DVO entered October 4, 2011, as amended November 1, 2011, he should have done so within 30 days of entry of those orders, by December 1, 2011. His failure to do so leaves this court without jurisdiction to hear this appeal, and we hereby dismiss it.

ALL CONCUR.