RENDERED:  JUNE 13, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1226-MR

JAMES KELLER                                                                          APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANGELA JOHNSON, JUDGE
CASE NO. 24-D-502889-001

TAHLOR GOUIN; A.K., A MINOR CHILD;
AND O.K., A MINOR CHILD                                                          APPELLEES

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  CETRULO, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE:  James Keller appeals from the Jefferson Family Court's

Amended Domestic Violence Order (DVO) entered on September 18, 2024.  For

the following reasons, the appeal must be dismissed for lack of jurisdiction.

On August 8, 2024, Keller's former fiancée, Tahlor Gouin, filed a

petition seeking a DVO.  At that time, Gouin and Keller had one minor child

together, and Gouin was pregnant with their second child. Gouin sought the DVO on behalf of herself, the minor child, and the unborn child.

The family court conducted a hearing on the petition on August 28, 2024, and entered a DVO on the same day on behalf of Gouin and the minor child. The court also awarded Gouin temporary sole custody of the child. At the conclusion of the hearing, the Guardian *Ad Litem* (GAL) representing the minor child asked the court to set a review date in the third week of September in anticipation of adding the second child to the DVO. The family court agreed, but the record before us does not indicate whether a review date was specified or set.

Gouin gave birth to the second child on August 29, 2024, the day after the hearing. On September 17, 2024, Gouin's counsel sought to amend the DVO to add the child. The family court's docket describes the motion as not properly filed because it was emailed to the family court's secretary. On September 18, 2024, the family court entered an order amending the DVO to include the younger child and awarding sole custody of that child to Gouin.

On October 10, 2024, Keller filed a notice of appeal from the September 18, 2024 Amended DVO. However, his appeal challenges the evidentiary basis of the *original* DVO, claiming that (1) Gouin acted in bad faith and fraudulently used the DVO process in order to gain an advantage in child custody proceedings; (2) there was insufficient evidence to support a finding that

domestic violence had occurred; (3) the family court's findings of fact were inadequate, and the family court was biased against him. Notably, Keller makes no arguments as to the September 18, 2024 Order amending the original DVO. The notice of appeal was filed more than thirty days after the entry of the original DVO on August 28, 2024.

Parties have thirty days after entry of the final judgment to file a notice of appeal. Kentucky Rule of Appellate Procedure (RAP) 3(A)(1). This Rule has been interpreted to include DVOs. "[A]ppeals from the issuance of DVOs are required to be filed within 30 days." *Erwin v. Cruz*, 423 S.W.3d 234, 236 (Ky. App. 2014).

"The timely filing of a notice of appeal is jurisdictional." RAP 2(A)(2). "Without the properly filed notice of appeal, the appellate court lacks jurisdiction to consider the matter." *Cabinet for Health and Family Services v. D.W.*, 680 S.W.3d 856, 860 (Ky. 2023) (citation omitted). "There is no substantial compliance rule with timely filing a notice of appeal, and the mandatory application of the rule applies even when the appealing party makes a good faith effort to file the notice of appeal." *Id.* (internal quotation marks and citation omitted). "Our review of a defect in a notice of appeal regarding its timely filing is essentially *de novo*." *Id.*

The amended DVO from which Keller filed his notice of appeal extended the terms of the original DVO to include the second child and awarded custody of that child to Gouin. Keller's appeal does not challenge these amendments and attacks only the basis of the original DVO. Keller filed his notice of appeal on October 10, 2024, more than thirty days after the entry of the original DVO on August 28, 2024. The terms of the original DVO became final thirty days after its entry.

Although the timely filing of a motion to amend pursuant to Kentucky Rules of Civil Procedure (CR) 59 serves to toll the time to file a notice of appeal until the entry of an order disposing of the motion, *see* RAP(3)(E)(2), a motion pursuant to CR 59 must be filed within ten days of entry from the final judgment. Gouin's improperly filed motion to amend the original DVO was filed more than ten days after entry of the original DVO and therefore did not serve to toll the time for filing an appeal.

Because we lack jurisdiction to hear Keller's appeal, it is hereby DISMISSED.

ALL CONCUR.

ENTERED: June 13, 2025\_\_\_\_

_____
JUDGE, COURT OF APPEALS

-4-

BRIEFS FOR APPELLANT:   BRIEF FOR APPELLEE

James J. Keller, *pro se*   William D. Tingley
Papillion, Nebraska    Covington, Kentucky